UNITED STATES ex rel. GOLDSTEIN v. ROGERS.

SAME v. AMERICAN STEAMSHIP CO.

(Circuit Court, E. D. Pennsylvania. January 22, 1895.)

Nos. 562 and 563.

**1. IMMIGRATION—POWER OF COURTS TO REVIEW ORDERS FOR DEPORTATION.**

The federal courts have no power to pass upon the acts of the commissioners of immigration when in the exercise of the right of excluding an alien upon the ground that said alien would, because of poverty and lack of opportunity to obtain employment, become a charge upon the civil authorities.

**2. SAME—AUTHORITY TO DETERMINE QUESTION OF EXCLUSION.**

Congress has the right to vest in certain officers, exclusive of the courts, the federal authority to determine whether a person, not a citizen or inhabitant of the United States, shall be excluded from admission to this country.

These were petitions for a writ of habeas corpus filed by Bernard Blum against John J. S. Rogers, commissioner of immigration for the port of Philadelphia, and by the same relator against the International Navigation Company.

The petitions averred that the relator, Bernard Blum, was an uncle of Israel Goldstein, a native of Poland; that the said Goldstein was unlawfully detained on board one of the steamships of said company upon the order of said Rogers. The answer of the International Navigation Company set forth that the said Goldstein had been an immigrant on board the steamship Kensington, and that by order of the said commissioner he was about to be deported in another vessel of the same company. The answer of the commissioner set forth that the said Goldstein, upon arrival at the said port, having been examined, had been found to have but $4.25 upon his person, was a tailor by trade, and was bound for New York City; that in the opinion of the commissioner, which opinion had been affirmed on appeal by the bureau of immigration at Washington, the said Goldstein was likely to become a charge upon the public, for three reasons: First, owing to the small amount of his property; second, owing to the congested condition of the tailoring trade in New York City; third, owing to the nonliability of his said uncle, the relator, to support him. Therefore it had seemed advisable to order his deportation as a pauper immigrant.

Charles Hoffman, for relator.

Ellery P. Ingham, U. S. Atty., for Rogers.

DALLAS, Circuit Judge. I have considered, in the light of the arguments of counsel and the cases cited by them, the objections and traverse filed yesterday to the returns upon these writs. It is, I think, desirable that a decision should be promptly made, and therefore I will not postpone it by awaiting opportunity to reduce my views to writing. I am clearly of opinion that congress has, without exceeding its constitutional power, vested in certain officers, exclusive of the courts, the final authority to determine whether a person, not a citizen or inhabitant of the United States, shall be excluded from admission to this country. Israel Goldstein is, admittedly, an alien. Therefore the jurisdiction which has been exercised in his case was rightfully assumed, and the proceedings which ensued are not subject to review by this court upon habeas corpus or otherwise. The writs of habeas corpus are, for this reason, discharged.