---

### In re OTA.

(District Court, N. D. California. September 1, 1899.)

### No. 11,917.

1. ALIENS—EXCLUSION OF IMMIGRANTS—CONSTRUCTION OF STATUTE.

The provisions of the act of March 3, 1891 (26 Stat. 1084), excluding certain classes of aliens from admission to the United States, and requiring their deportation, do not apply to aliens domiciled in this country, and who are returning thereto after a temporary absence.

2. SAME—CONCLUSIVENESS OF DECISION OF IMMIGRATION OFFICERS.

Under the act of August 18, 1894 (28 Stat. 390), the decision of the secretary of the treasury affirming the action of immigration officers in refusing an alien admission to the United States under a law of congress, though clearly erroneous, cannot be reviewed by the courts.

This was a habeas corpus proceeding to review the action of the secretary of the treasury in denying the petitioner, an alien, the right to enter the United States.

W. H. L. Barnes, for petitioner.
E. J. Banning, Asst. U. S. Atty.

DE HAVEN, District Judge. This is a proceeding arising upon a writ of habeas corpus issued in behalf of one S. Ota, and the case was submitted to the court for its decision upon the petition for the writ, the return thereto, and certain admissions made by counsel during the argument, from which I find the following facts: That Ota is a native and subject of the empire of Japan, and for more than eight years has been a resident of the state of California, and is now a merchant, and member of the firm of Ota & Sanada, San Francisco; that said firm deals in Japanese fancy goods, teas, and coffee, and imports, manufactures, and sells all kinds of bamboo furniture; that in March of the present year Ota went to Japan for the purpose of buying goods for his firm, and, after having made purchases to the amount in value of more than $5,000, he returned to San Francisco on the steamship Hongkong Maru, arriving at that port on or about August 5, 1899; and thereafter, on the 10th day

of August, 1899, after a special inquiry by the immigration officials at the port of San Francisco, he was found to be suffering from a loathsome and contagious disease, and was ordered by H. H. North, the commissioner of immigration at that port, to be returned to Japan. This order was, on appeal to the secretary of the treasury, affirmed, and Ota is now in the custody of the steamship company operating the Hongkong Maru, for the purpose of being returned to the country whence he came. It appears very clearly from these facts that Ota is not an alien immigrant, and the commissioner of immigration and the secretary of the treasury, if the same facts were before those officers, erred in ordering him to be returned to Japan as such. The act of March 3, 1891 (26 Stat. 1024), under which the order for the deportation of Ota is attempted to be justified, does not apply to aliens domiciled in this country, and who are returning thereto after a temporary absence. In re Panzara, 51 Fed. 275; In re Maiola, 67 Fed. 114; In re Màrtorelli, 63 Fed. 437. But under the act of August 18, 1894 (28 Stat. 390), the decision of the secretary of the treasury to the contrary cannot be reversed or set aside by the court in this proceeding. That act provides:

"In every case where an alien is excluded from admission into the United States under any law or treaty now existing or hereafter made, the decision of the appropriate immigration or customs officer. if adverse to the admission of such alien, shall be final, unless reversed on appeal to the secretary of the treasury."

Under this statute, when the executive officers of the government, upon a hearing such as is contemplated by the law, have decided that an alien is not entitled to enter the United States, the courts are without jurisdiction to review that determination upon questions either of law or of fact. The finding of these officers that an alien seeking to land is an immigrant is as conclusive upon the court, in a proceeding like this, as their finding in relation to any other fact affecting the right of the alien to land. This seems to have been the view taken by the supreme court in the case of Lem Moon Sing v. U. S., 158 U. S. 538, 15 Sup. Ct. 967. And see, also, In re Moses, 83 Fed. 995; U. S. v. Rogers, 65 Fed. 787; In re Monaco, 86 Fed. 117. The writ will be discharged.