UNITED STATES ex rel. FUNARO v. WATCHORN.

(Circuit Court, S. D. New York. August 14, 1908.)

1. HABEAS CORPUS—FEDERAL COURTS—VERIFICATION OF PETITION.

Where, because of infancy, incompetency, or lack of time, a petition for a writ of habeas corpus in a deportation case cannot be verified by the applicant as required by Rev. St. § 754 (U. S. Comp. St. 1901, p. 593), it may be verified by his attorney.

2. ALIENS—IMMIGRATION LAWS—CONSTRUCTION OF DEPARTMENT RULES.

The language of rule 4 of the regulations of the Bureau of Immigration and Naturalization relating to the admission and exclusion of aliens that "the provisions of the immigration act do not apply to aliens who have once been duly admitted to the United States, or to any waters, territory, or other place subject to the jurisdiction thereof, proceeding to or from the continental territory of the United States," applies only to aliens who have been admitted to the United States or its dependencies, and are proceeding either from the dependencies to the continent, or from the continent to the dependencies, and has no application to an alien arriving from a foreign country, although he has been previously admitted.

3. HABEAS CORPUS — PROCEEDINGS REVIEWABLE — DECISIONS OF IMMIGRATION OFFICERS—CONCLUSIVENESS.

Under Immigration Act Feb. 20, 1907, c. 1134, § 25, 34 Stat. 906 (U. S. Comp. St. Supp. 1907, p. 405), the decision of the appropriate immigration officers adverse to the admission of an alien is conclusive, unless reversed on appeal by the Secretary of Commerce and Labor, and cannot be reviewed by the courts on writ of habeas corpus.

Habeas Corpus.

Giuseppe Maggio, for relator.
Felix Frankfurter, for respondent.

WARD, Circuit Judge. The petitioner came originally to this country in 1901, and lived for six years at Pittsburg, in the state of Pennsylvania, where he established his domicile. In December, 1907, he went to Italy for a visit, and upon his return to this country May 8,

1908, was detained by the immigration inspector as a person "not clearly and beyond a doubt entitled to land." Act Feb. 20, 1907, c. 1134, § 24, 33 Stat. 906 (U. S. Comp. St. Supp. 1907, p. 404). At the hearing before the board of special inquiry the petitioner admitted that two years before his first arrival in this country he had stabbed a man with a knife who had slapped his face, and that he was convicted of this crime and sentenced to imprisonment for three months. The board unanimously decided to exclude him from admission, under section 2 of the act, as having been convicted of "a crime involving moral turpitude" before his arrival. Thereupon his attorney signed and verified a petition for a writ of habeas corpus on the ground that the act does not apply to an alien who has previously been admitted to this country and established his domicile here. This writ was dismissed, and the petitioner remanded, under the case of In re Kleibs (C. C.) 128 Fed. 656, but an opportunity was afforded to permit an appeal. Instead of appealing, the petitioner's attorney, thinking that the original petition was irregular under section 754, Rev. St. U. S. (U. S. Comp. St. 1901, p. 593), because signed and verified by him, filed the present petition, duly signed and verified by the alien himself, and setting up as additional grounds for his discharge rule 4 of the regulations of the Bureau of Immigration and Naturalization of the Department of Commerce and Labor, and the further objection that the crime of which the alien was convicted did not involve moral turpitude.

Notwithstanding the language of section 754, it has been the frequent practice in this district to present habeas corpus petitions in deportation cases signed and verified by others than the person detained. In such cases, often for lack of time, as well as because of infancy or incompetency, it would be impossible to present a petition signed and verified by the person detained, and the language of section 760 plainly contemplates petitions so executed. Rule 4, relating to the admission and exclusion of aliens, reads as follows:

"Rule 4. Application of Immigration Act.—The provisions of the immigration act apply to all aliens seeking to enter the United States, except accredited officials of foreign governments, their suites, families, and guests. The act also prescribes the conditions of their admission to or exclusion from the United States, or any waters, territory, or other place subject to the jurisdiction thereof, except the Isthmian Canal Zone. The act becomes effective when such aliens arrive from any foreign country, or other place without the jurisdiction of the United States, or from the Canal Zone. The provisions of the immigration act do not apply to aliens who have once been duly admitted to the United States, or any waters, territory, or other place subject to the jurisdiction thereof, proceeding to or from the continental territory of the United States, except aliens coming from the Canal Zone, and except Japanese or Korean laborers coming from Hawaii, with passports limited to Hawaii, Mexico, or Canada. The admission of aliens coming from the Canal Zone is governed by the regulations applicable to aliens generally. The admission of Japanese or Korean laborers to the continental territory of the United States is governed by the provisions of the executive order of the President embodied in rule 21 hereof."

The words relied upon by the petitioner are:

"The provisions of the immigration act do not apply to aliens who have once been duly admitted to the United States, or any waters, territory, or other place subject to the jurisdiction thereof, proceeding to or from the continental territory of the United States, except aliens coming from the Canal Zone, and

except Japanese or Korean laborers coming from Hawaii, with passports limited to Hawaii, Mexico, or Canada."

This language is certainly exceedingly obscure, but I think it must be be intended to apply to a different class of aliens than those mentioned in the previous sentence as arriving "from any foreign country or other place without the jurisdiction of the United States or from the Canal Zone." It must apply to aliens (with certain immaterial exceptions) who have been admitted to the United States or its dependencies, and are proceeding either from the dependencies to the continent, or from the continent to the dependencies. Accordingly this provision does not apply to the petitioner, who arrived from a foreign country, and not a dependency.

Act Aug. 18, 1894, c. 301, § 1, 28 Stat. 390 (U. S. Comp. St. 1901, p. 1303), provides:

"In every case where an alien is excluded from admission into the United States under any law or treaty now existing or hereafter made, the decision of the appropriate immigration or customs officers, if adverse to the admission of such alien, shall be final unless reversed on appeal to the Secretary of the Treasury."

The jurisdiction of the Secretary of the Treasury was subsequently transferred to the Secretary of Commerce and Labor.

The Circuit Court of Appeals of the Third Circuit in Rodgers v. United States, 152 Fed. 346, 81 C. C. A. 454, and of the Sixth Circuit in United States v. Nakashima, 160 Fed. 842, have made it clear that their construction of the act of 1903 accords with that of the petitioner, viz., that an alien who has been admitted to the United States and established a domicile here is not subject to exclusion upon his return to this country. But in the first case the alien was discharged on the ground that he had not been afforded an appeal, and in the second an appeal upon this particular question to the Secretary of Commerce and Labor. For these reasons the courts held there was no final decision in those cases. If upon such an appeal the Secretary had affirmed the board in the one case, or the collector in the other, it is plain that the courts would have considered the decisions as final. And this appears to follow necessarily from the cases of Lem Moon Sing v. United States, 158 U. S. 538, 15 Sup. Ct. 967, 39 L. Ed. 1082, and United States v. Ju Toy, 198 U. S. 253, 25 Sup. Ct. 644, 49 L. Ed. 1040, and Pearson v. Williams, 202 U. S. 281, 26 Sup. Ct. 608, 50 L. Ed. 1029.

In the Case of Gonzales, 192 U. S. 1, 24 Sup. Ct. 177, 48 L. Ed. 317, to which the petitioner refers, the question was one of law as to the citizenship of the petitioner, going to the foundation of the jurisdiction of the immigration officers.

In this case, however, it being admitted that the petitioner is an alien, their jurisdiction is not open to dispute, and the only question is whether they have given an erroneous construction to the act in relation to this alien.

What has been said is equally true of the construction put by the board upon the words "crimes or misdemeanors involving moral turpitude." Such a crime of violence as described by the petitioner,

which was provoked by an unjustifiable assault, does not seem to involve moral turpitude; but the board may have inferred from the fact that the Italian courts sentenced him to imprisonment that they found his act to have been willful and wrongful.

The writ is dismissed, and the petitioner remanded; but, to give an opportunity for appeal, let the United States attorney give five days' notice of the entry of an order hereafter.