Ex parte CRAWFORD.

(District Court, S. D. New York.   October 13, 1908.)

ALIENS (§ 18*)—DEPORTATION.
    An alien acquires no rights by a domicile in this country which will re-
lieve her of the effects of a decision of the Department of Commerce and
Labor ordering her deportation.
    [Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 70, 71; Dec. Dig.
    § 18.*]

(Syllabus by the Court.)

Franklin Grier, for relator.

Henry L. Stimson, U. S. Atty., and Francis W. Bird and James J.
Hogan, Asst. U. S. Attys.

ADAMS, District Judge.   The question now presented upon this
writ of habeas corpus is whether the action of the Secretary of Com-
merce and Labor in ordering a deportation of the relator should be
sustained.   The return shows that she was arrested by warrant of the
department, dated September 3, 1908, and a hearing was had before
the Board of Special Inquiry to determine whether or not the relator
was lawfully within the United States.   At this hearing, after an ex-
amination of the relator, the board decided that she was in the United
States in violation of law.   Thereafter, a rehearing was granted to the
relator, during which she and four witnesses produced on her behalf,
were examined and the board again found the same.   Upon said find-
ing the Secretary of Commerce and Labor issued a warrant, dated Sep-
tember 21, 1908, for her deportation.   Pending execution of the war-
rant, she remained in the custody of the Commissioner of Immigration.
This writ of habeas corpus, with certiorari, was thereupon obtained
from this court upon a petition alleging that the relator was imprison-
ed and restrained in her liberty on Ellis Island, or on board of some
vessel about to sail for Europe, upon the cause or pretence that she is
in the United States in violation of law.   Upon the return of the writ,
the Commissioner of Immigration alleged the hereinbefore stated facts
and annexed to his return a copy of the minutes of the proceedings be-
fore the Board of Special Inquiry.   This copy tended to show that the
relator had committed acts which would form a basis for a finding that
she had violated the provisions of the Act.   The Board of Special In-
quiry so found, after a full hearing was given to the relator, with an
opportunity to present the testimony of witnesses and be represented
by counsel.   The finding was subsequently confirmed by the Secretary
of Commerce and Labor and the warrant was thereupon issued.

The testimony taken before the Board of Special Inquiry, while tend-
ing to show that the relator for some months after her arrival conduct-
ed herself badly, also showed that later she worked at her occupation
of sewing and apparently lived reputably, making some respectable
friends, who were willing to come to her aid in these proceedings and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

help her to live honorably, by the exercise of her abilities as seamstress, and support her child at an educational institution.

Reliance is placed by her counsel upon the provision of the law contained in section 29 of the Act of February 20, 1907 (34 Stat. 907, c. 1134 [U. S. Comp. St. Supp. 1907, p. 407]), which provides that the circuit and district courts of the United States are invested with full and concurrent jurisdiction of all cases arising under the Act. If it were not for previous decisions upon the matter, I should think that thereunder the power remained with the court to afford the relator the relief she seeks, but it appears that the previous Act of March 3, 1903 (32 Stat. 1220, c. 1012, § 29), contained the same provision, and that Act has been held in the case of immigrants to give the Secretary of Commerce and Labor the final authority in the matter. Nothing favorable to the relator can be gleaned from the section in question, and if this were the case of an alien immigrant, the ruling of the department would be final. In re Kleibs (C. C.) 128 Fed. 656; U. S. ex rel. Funaro v. Watchorn (C. C.) 164 Fed. 152.

It is contended, however, that the matter was not properly before the department officials because it was not a case of an alien immigrant but of an alien domiciled here, who left the country temporarily without losing her domicile but intending to return. It is claimed to be similar to Rodgers v. United States, 152 Fed. 346, 81 C. C. A. 454, where it was held by the Circuit Court of Appeals for the Third Circuit, as stated in the headnote:

"An alien, who has acquired a domicile in the United States, cannot thereafter, and while still retaining such domicile, legally be treated as an immigrant on his return to this country after a temporary absence for a specific purpose not involving change of domicile."

But the case just cited was before Judge Ward when he decided U. S. ex rel. Funaro, supra, and he there held that the relator's domicile conferred no rights upon him and that he should be deported. That case seems to cover this and it should be followed.

The writ is dismissed and the petitioner remanded, but in order that there may be an opportunity for appeal, following the decision in the Funaro Case. let the U. S. Attorney give five days' notice of the entry of an order hereafter.