UNITED STATES ex rel. WHITE v. HOOK, Warden.

(District Court, D. Maryland. November 2, 1908.)

ALIENS ( 53*)—DEPORTATION—PROSTITUTES.

> Petitioner, a Canadian by birth and citizenship, entered the United States in 1901 and was an inmate of houses of prostitution in various cities until 1905, when she went to Philadelphia to care for an invalid sister. She remained there two years, when she resumed life as a prostitute, and in the fall of 1907, returned to Canada, where she stayed four days, when she returned to the United States and continued her misconduct until she was arrested. *Held,* that the three-year period within which she was subject to deportation dated from her return from Canada, and that she was therefore unlawfully within the country.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. § 53.*]

Petition for a Writ of Habeas Corpus.

The petitioner in her testimony stated that she was a Canadian by birth and citizenship; that she entered the United States first in 1901, and became an inmate of a house of prostitution, and resided in various houses of prostitution in Buffalo, San Francisco, New Orleans, and Philadelphia until 1905, when she went to Philadelphia to take care of an invalid sister and stayed about two years. She then resumed her life as a prostitute, and in the fall of 1907 she went to Canada and stayed four days, when she returned to the United States and went into a house of prostitution in New York, and afterwards into one in Washington, D C. In July, 1908, she was arrested there,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and after hearing before the examining immigration inspector she was adjudged to be in the United States in violation of the law, and was ordered deported.

The government objected to the admissibility of any testimony, and asserted that the decision of the immigration authorities was final and could not be attacked in the courts.

Myer Rosenbush, for plaintiff.
John C. Rose, for defendant.

MORRIS, District Judge (after stating the facts as above). The decisions of the Supreme Court have apparently decided that in many cases the decisions of executive officers in the matter of the right of aliens to come into this country, or to remain in this country, are final. It is not necessary to inquire whether this is or is not one of the cases in which the decision of the executive officers is not subject to review by the courts, because upon the facts as stated by the petitioner I think that the decision of the officers was clearly right. The petitioner was admittedly an alien. She has never been naturalized in this country. She went back to Canada, of which country she was a citizen, and then re-entered the United States. In my view, the three-year period in which she was subject to deportation if she became an inmate of a house of prostitution dates from her return from Canada. Even a person who had been in the United States for some years living a correct life, who then returns to the country of her nativity and citizenship, and then afterwards re-enters the United States for an immoral purpose, seems to me to be clearly within the mischief against which the provisions of the law in question were directed.

The writ of habeas corpus will be dismissed, and the petitioner will be recommitted to the immigration authorities for deportation in accordance with the warrant of the Secretary of Commerce and Labor.