UNITED STATES v. VILLET.

(Circuit Court, S. D. New York. October 28, 1909.)

ALIENS (§ 59*)—IMPORTATION OF WOMEN FOR PURPOSE OF PROSTITUTION—CRIMINAL PROSECUTION—DEFENSES.

In a prosecution for the importation of an alien woman for the purpose of prostitution, in violation of Act Feb. 20, 1907, c. 1134, § 3, 34 Stat. 899 (U. S. Comp. St. Supp. 1907, p. 392), it is not a defense that such woman

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

had previously been domiciled for a time in the United States and had departed therefrom with the intention of returning.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. § 59.*]

Claude Villet was found guilty by a jury of a violation of the immigration law. On motion in arrest of judgment. Motion overruled.

Henry A. Wise, U. S. Atty., and Addison S. Pratt, Asst. U. S. Atty. W. L. Cummings, for defendant.

HOLT, District Judge. I think that the earlier decisions, under the earlier immigration acts, holding that alien residents, who have gone abroad with the intention of returning, are not immigrants within the meaning of the immigration acts, have been modified and substantially reversed by the later decisions under the later immigration acts. Re Moses (C. C.) 83 Fed. 995; Re Kleibs (C. C.) 128 Fed. 656; U. S. ex rel. Funaro v. Watchhorn (C. C.) 164 Fed. 152; Ex parte Crawford (D. C.) 165 Fed. 830; U. S. ex rel. White v. Hook (D. C.) 166 Fed. 1007; Ex parte Petterson (D. C.) 166 Fed. 536; Lem Moon Sing v. U. S., 158 U. S. 538, 15 Sup. Ct. 967, 39 L. Ed. 1082. The result of these cases is that, at least in the case of the importation of women for immoral purposes, the fact that they have resided in this country for a certain period and then gone abroad does not prevent the operation of the act, in the case of persons who import them back into this country for immoral purposes.

The language of the act of 1907 is specific, and prohibits the importation of any alien woman or girl for any immoral purpose. Act Feb. 20, 1907, c. 1134, § 3, 34 Stat. 899 (U. S. Comp. St. Supp. 1907, p. 392). Moreover, I think that the provisions in all the immigration acts in regard to such importation are specific. The original immigration act prohibited the importation of women for an immoral purpose. This obviously applied to any women. The provision in the act of 1907 prohibiting the importation of alien women cannot be held to modify the general terms of the previous act, except so far as to make it apply to alien women only.

My conclusion is that the motion in arrest of judgment should be denied.