Ex parte HOFFMAN.

(Circuit Court of Appeals, Second Circuit. May 2, 1910.)

No. 320.

ALIENS (§ 1*)—DEPORTATION—RESIDENTS IN UNITED STATES—TEMPORARY ABSENCE ABROAD—PROSTITUTES—"ALIEN"—"IMMIGRANT."

Act Cong. Feb. 20, 1907, c. 1134, § 20, 34 Stat. 904 (U. S. Comp. St. Supp. 1909, p. 459), provides that any "alien" who shall enter the United States, in violation of the law, and such as become public charges from causes existing prior to landing, shall, on the warrant of the Secretary of Commerce and Labor, be deported at any time within three years after the date of entry. *Held*, that the word "alien," as so used, was not synonymous with "immigrant," but was intended as a broader term, and includ-

ed a Russian unmarried woman, who entered the United States in 1897 or 1898, and remained therein continuously until March, 1908, when she returned to Russia, after having engaged in prostitution for a considerable time, and who attempted to re-enter the United States in June, 1908; she being within three years thereafter an alien of the excluded classes and subject to deportation.

[Ed. Note—For other cases, see Aliens, Cent. Dig. § 1; Dec. Dig. § 1.*

For other definitions, see Words and Phrases, vol. 1, pp. 302–306; vol. 8, p. 7571.]

Appeal from the District Court of the United States for the Southern District of New York.

In the matter of the application of Samuel Hoffman, petitioner for Annie Palina, alias Annie La Pina, for a writ of hábeas corpus. From an order dismissing the writ, and remanding petitioner to the custody of the Commissioner of Immigration, for deportation under Act Cong. Feb. 20, 1907, c. 1134, § 20, 34 Stat. 904 (U. S. Comp. St. Supp. 1909, p. 459), petitioner appeals. Affirmed.

Archibald Palmer, for appellant.

D. D. Walton, Asst. U. S. Atty., for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

LACOMBE, Circuit Judge. The petitioner, an unmarried woman, a native of Russia, came to this country in 1897 or 1898 at the age of 12. She remained here continuously, living in various parts of the United States, until March, 1908, when she returned to Europe to go to the assistance of her mother, who was then living at Kishineff, Russia. She re-entered this country on June 2, 1908, by the steamship Finland, with her mother, and for the purpose of facilitating her landing falsely represented that she was Mrs. Joseph Fiore and the wife of an American citizen. Prior to her leaving this country, and subsequent to her return thereto, she was engaged in the occupation of a prostitute. On September 21, 1909, she was arrested in a house of prostitution in Phœnix, Ariz. The above facts being established, an order of deportation was made under Act Feb. 20, 1907, c. 1134, 34 Stat. 898 (U. S. Comp. St. Supp. 1909, p. 447); it being held that as a prostitute, she was within the excluded classes enumerated in section 2. She obtained a writ of habeas corpus, and after a hearing the writ was dismissed by the District Court, Southern District of New York. From this order of dismissal, appeal was taken.

The single question presented is whether the provisions of the act of 1907 apply to an alien, who after original entry into this country has remained here more than three years, and then, after a brief absence abroad, again seeks to enter the United States. We had this question of construction of Act March 3, 1903, c. 1012, 32 Stat. 1213 (which is in this particular substantially the same as the act of 1907), before us in Taylor v. U. S., 152 Fed. 1, 81 C. C. A. 197, and do not think it necessary to repeat the long discussion which will be found in that opinion. We referred in that case to the history of the act as disclosed in the Congressional Record. It therein appeared that the

question whether the new act should, like the original one of March 3, 1891 (26 Stat. 1084, c. 551 [U. S. Comp. St. 1901, p. 1294]), be restricted to alien immigrants, or should be broadened so as to cover aliens, whether immigrants or not, was thoroughly discussed in Congress. As the bill left the House it was broadly phrased. The Senate amended it in several particulars, so as to restrict its operation to immigrants. Upon conference, however, the House nonconcurred in these amendments, and the Senate withdrew them. We held that these proceedings clearly indicate that Congress was satisfied that the use of the word "immigrant" had given rise to a construction of the earlier acts which rendered them inadequate to accomplish their purpose, and made it necessary to adopt the broader term "alien." The Taylor Case was reversed by the Supreme Court (207 U. S. 120, 28 Sup. Ct. 53, 52 L. Ed. 130), the court holding that the facts did not warrant a conviction (under section 18 of the act) of the captain of a vessel from which one of the ship's crew had deserted while in this port; but we find nothing in the opinion of the Supreme Court which indicates that this court was in error in holding that, despite its title, the excluding sections of the act applied to aliens generally, and not solely to alien immigrants.

Examination of the cases cited by appellant—In re Buchsbaum, (D. C.) 141 Fed. 222; Rodgers v. United States, 152 Fed. 355, 81 C. C. A. 454; In re Ota (D. C.) 96 Fed. 487; U. S. v. Aultman Co. (D. C.) 143 Fed. 922; U. S. v. Nakashima, 160 Fed. 842, 87 C. C. A. 646— has not satisfied us that these later acts of 1903 and 1907 should be given the narrower construction contended for. The construction approved in the Taylor Case has been the one accepted in this circuit. In re Moses (C. C.) 83 Fed. 995; In re Kleibs (C. C.) 128 Fed. 656; United States v. Watchorn (C. C.) 164 Fed. 152; Ex parte Crawford (D. C.) 165 Fed. 830.

The order is affirmed.