UNITED STATES ex rel. UEBERALL v. WILLIAMS, Com'r of Immigration.

(District Court, S. D. New York. April 12, 1911.)

1. ALIENS (§ 53*)—IMMIGRATION—RE-ENTRY.

Relator, an alien of the excluded classes, having been in the United States more than three years, shortly before his arrest as an alien not entitled to enter, while in Niagara Falls, passed from the American to the Canadian side to view the falls, and, after staying there an hour or more, came back to New York, and shortly thereafter was arrested. *Held*, that his return to the United States after going into Canada constituted a re-entry, after which he was subject to deportation.

[Ed. Note.—For other cases, see Aliens, Dec. Dig. § 53.*]

2. HABEAS CORPUS (§ 23*)—DEPORTATION OF ALIEN—ERRONEOUS PLACE.

Where an alien was legally in custody in deportation proceedings, and was not entitled to remain in the United States, he was not entitled to discharge on habeas corpus, because the warrant under which he was detained indicated an intention on the part of the Secretary of Commerce and Labor to deport him to the wrong country, since habeas corpus will only lie to release an alien after he has been adjudged entitled to remain in the country.

[Ed. Note.—For other cases, see Habeas Corpus, Dec. Dig. § 23.*]

Habeas corpus by the United States, on relation of one Ueberall, against William Williams, as Commissioner of Immigration at the port of New York. Writ dismissed.

This case comes up upon return to a writ of habeas corpus issued to inquire into the detention of the relator by the immigration authorities at Ellis Island, in this district, under warrant of deportation issued by the Secretary of Commerce and Labor. The relator was arrested upon warrant of the Secretary of Commerce and Labor, has had a hearing, and is about to be deported as an alien who has entered the country within three years and is within the excluded classes. It is not necessary to take up the question of the grounds of exclusion, as those are concededly not within the jurisdiction of this court. The question presented is as follows: The relator came into the country more than three years before the warrant was issued from the port of Rotterdam, in the kingdom of Holland. Shortly before the arrest, being in the city of Niagara Falls, in the state of New York, he took a carriage and went over to the Canadian side of the falls, apparently for the purpose of viewing them. After staying there an hour or more, he came back into the state of New York. The warrant of deportation directs that he shall be deported to the empire of Austria. Three questions are raised: First, whether he made a new entry into this country when he came back across the Canadian line; second, whether, if he can be deported at all, it should be to Canada, to Holland, or to Austria; third, whether, in case he should be deported to Canada, this court has any jurisdiction to grant a writ of habeas corpus, because he is to be deported to Austria. The relator is a native of the empire of Austria, and was en route from Austria to this country when he embarked at Rotterdam, more than three years prior to the issuance of the warrant.

Alex. I. Hahn, for relator.
Daniel D. Walton, for the United States.

HAND, District Judge (after stating the facts as above). [1] The first question to be determined is whether the relator entered this country within three years of the time of his arrest. Since the decision of the Circuit Court of Appeals of this Circuit, in Re Annie Lapina (Ex

parte Hoffman) 179 Fed. 839, 103 C. C. A. 327, this question has been authoritatively settled. I do not see how the duration of the period of absence in a foreign country or its purpose can affect the result. This particular instance is no doubt as extreme as can arise, but it does not effect any change in principle. As soon as the relator entered the Dominion of Canada he left the United States, whether his intention was to remain an hour or a year, and his re-entry was in fact a re-entry as much as that of Lapina in the case cited. Therefore I see no escape from the conclusion that he could legally be deported to the country whence he came by warrant of the Secretary of Commerce and Labor.

[2] Two questions therefore arise: First, whether Austria is the country whence he came; and, second, whether, if this be not so, a writ of habeas corpus can inquire into his proposed destination. I do not think that it is necessary to determine the first question, for I do not see how a writ of habeas corpus can review such a mistake, if it be a mistake, on the part of the authorities. That writ inquires simply into the validity of the relator's detention, and concededly his detention is legal. Even if it be true that the Secretary of Commerce and Labor intends to deal illegally with him, and even when that intention appears from the very warrant under which he is detained, the writ on that account could not release him from custody, unless he has the right to remain in the country, which he has not.

It is suggested that he might be released upon the theory that his detention would become illegal as soon as they did with him what the law does not permit. The difficulty with this argument, however, is that he would none the less be properly in custody and subject to deportation because they were violating the law in sending him to the wrong place. The detention being legal, at most a court could direct the Secretary of Commerce and Labor to send him to Canada, and not to Austria; but that, of course, no court has jurisdiction to do. It is only after the court has adjudged that the alien has a right under the statute to remain in the country that a writ of habeas corpus can release him. Chin Yow v. U. S., 208 U. S. 8, 12, 28 Sup. Ct. 201, 52 L. Ed. 369.

Whether the relator has any remedy to control the action of the Secretary of Commerce and Labor, in case he proposes to deal with him contrary to the statute, it is not necessary now to inquire, because it is enough that the scope of this writ is limited to the mere question of his detention, and whether he is entitled to be free from custody. It is, of course, possible to put supposed cases where the action of the Secretary of Commerce and Labor would be of the utmost consequence to the relator, and where, if he were in error, his rights would be much prejudiced by the decision; but that can in no sense result in releasing him wholly from custody, which is all that he now asks to have.

Writ dismissed, and alien remanded.