SINGH et al. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. July 16, 1917.)

No. 2860.

1. ALIENS ⊚⟶53—DEPORTATION—GROUNDS OF DEPORTATION.

Where aliens entered the United States surreptitiously and without inspection, they may be deported irrespective of other grounds of deportation.

2. ALIENS ⊚⟶54—DEPORTATION—PLACE OF DEPORTATION.

Where aliens, natives of India, were discovered surreptitiously entering the United States from Canada, they were properly ordered deported to India, where they denied having been in Canada, and there was no evidence that they had acquired any domicile there or had remained there any length of time.

Appeal from the District Court of the United States for the First Division of the Northern District of California.

Petition by Gujar Singh and Inder Singh for a writ of habeas corpus. Demurrer by the United States being sustained and writ denied, petitioners appeal. Affirmed.

Joseph P. Fallon, of San Francisco, Cal., for appellants.

John W. Preston, U. S. Atty., and Casper A. Ornbaun, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT and HUNT, Circuit Judges, and WOLVERTON, District Judge.

GILBERT, Circuit Judge. The appellants, who are natives of India and British subjects, entered the United States at San Francisco in the years 1907 and 1909, respectively. In April, 1915, they were arrested on a warrant charging them with having entered the United States from Canada without inspection. Thereafter, and after a hearing before the immigration officials, they were ordered deported. A petition for a writ of habeas corpus was filed on their behalf, to which the United States demurred, and, on the hearing of the demurrer, the record of the Bureau of Immigration in the deportation proceedings was introduced and considered, whereupon the court sustained the demurrer and denied the writ. On the appeal two questions are presented: First, whether there was evidence that the appellants entered the United States from the Dominion of Canada, a short time prior to their arrest; and, secondly, whether they could be deported to India. We find in the record substantial evidence on which the immigration officials could find that the appellants entered the United States from Canada, and that Gujar Singh entered the United States on April 16, 1915. There was evidence that he was taken from a box car of the Great Northern Railway, at Sand Point, Idaho, on the morning of April 22, 1915; that he was wearing shoes made in Ontario, and a cap with a London trade-mark, and had Canadian bills in his possession; that Inder Singh entered the United States by walking across the border near Gateway, Mont., having $2 in his possession. There was evidence that both of the appellants at first admitted that they had entered the United States from Canada, but on the hearing they

⊚⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

denied that they had ever been in Canada, and said. they had been working in sawmills along the border.

[1] The fact, as found by the immigration officials, that the appellants entered the United States surreptitiously, and without inspection, is sufficient ground for their deportation, irrespective of the further ground found by the immigration officials that they were likely to become public charges. See cases cited in Dhanna Singh v. United States, 243 Fed. 557, —— C. C. A. ——:

[2] The appellants are in no position to question the validity of the order of deportation on the ground that it directs that they be returned to India instead of to Canada. They denied under oath that they had ever been in Canada, and there is no evidence that they had acquired a domicile there, or had remained there any length of time. See cases cited in Dhanna Singh v. United States, 243 Fed. 557, —— C. C. A. ——.

The judgment is affirmed.