**UNITED STATES ex rel. NATALI v. DAY, Commissioner of Immigration.**

**No. 151.**

Circuit Court of Appeals, Second Circuit.

Nov. 17, 1930.

Gaspare M. Cusumano, of New York City, for appellant.

Charles H. Tuttle, of New York City (Walter H. Schulman, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

This is an appeal from an order dismissing a writ of habeas corpus. The writ was taken out in order to test the validity of a warrant of deportation issued by the Secretary of Labor on the ground that the relator had been found in the United States in violation of the Immigration Act of February 5, 1917, in that he entered without inspection, and that he was a person likely to become a public charge at the time of his entry.

The relator, who is 36 years of age, was born in Italy, came to the United States in May, 1914, and was regularly admitted as an immigrant. Since his arrival in this country he has resided in Albany and Watervliet,

N. Y., and has a home at the latter place, where he resides with his wife. In September, 1926, at the request of an Italian named Lavarello, he took $120 to the latter's brother, Simone Lavarello, in Montreal, for the purpose of assisting Simone to enter this country unlawfully. Simone paid a taxi driver $80, who engaged an Indian to row the relator and himself under cover of night from Canada across the St. Lawrence river to New York state. The relator crossed the border without inspection, and was apprehended by immigration officers shortly after he had re-entered the United States with Simone. The foregoing facts having been established by the relator's own testimony at the hearing before the Inspector of Immigration, the warrant for his deportation issued.

■ It is unnecessary to determine whether the relator should have been deported because he was likely to become a public charge, because his entry without inspection was in itself a sufficient ground to call for the issue of the warrant.

Section 19 of the Immigration Act of February 5, 1917 (8 USCA § 155), provides as follows:

"Sec. 19. That at any time within five years after entry, any alien who at the time of entry was a member of one or more of the classes excluded by law; any alien who shall have entered or who shall be found in the United States in violation of this act, or in violation of any other law of the United States; * * * at any time within three years after entry, any alien who shall have entered the United States by water at any time or place other than as designated by immigration officials, or by land at any place other than one designated as a port of entry for aliens by the Commissioner General of Immigration, or at any time not designated by Immigration officials, or who enters without inspection, shall, upon the warrant of the Secretary of Labor, be taken into custody and deported. * * * In every case where any person is ordered deported from the United States under the provisions of this act, or of any law or treaty, the decision of the Secretary of Labor shall be final."

■ The return from Canada must be treated as a new entry, Ex parte Hoffman (C. C. A.) 179 F. 839; United States ex rel. Ueberall v. Williams (D. C.) 187 F. 470; and entry without inspection is in itself a ground for deportation, Singh et al. v. United States (C. C. A.) 243 F. 559; Lidonnici v. Davis,

57 App. D. C. 36, 16 F.(2d) 532; Ex parte Halkides (D. C.) 291 F. 585; Ex parte Griffin (D. C.) 237 F. 445, at page 459; Ex parte Fragoso (D. C.) 11 F.(2d) 988.

The decision of In re Wysback (D. C.) 292 F. 761, is relied on by appellant, which holds that inspection is unnecessary where, as here, an alien has a right to re-enter within six months. But the fallacy of that decision seems to have consisted in holding that an alien who had been previously lawfully admitted to the United States, and was returning from a temporary visit of not more than six months in Canada, could re-enter this country without inspection merely because he required no passport, visa, or permit. The alien's right to re-enter without such papers was recognized in Johnson v. Keating ex rel. Tarantino (C. C. A.) 17 F. (2d) 52, but that decision in no way dispensed with the inspection required under section 19, supra, of the Immigration Act.

Section 13(b) of the Immigration Act of 1924 (8 USCA § 213(b) provides that immigrants who have been legally admitted to the United States, and who depart therefrom temporarily, may be readmitted without being required to obtain an immigration visa under such conditions as may be by regulations prescribed. But the regulations which permit aliens previously legally admitted to return from Canada within six months without having a passport, visa, or permit neither purport to nor could, in view of the express words of section 19, supra, dispense with inspection. Certainly identification of aliens, if nothing more, is vital to the enforcement of the immigration laws and without inspection at the border any proper administration would be impossible.

While it seems unfortunate to be compelled to sanction such a drastic penalty as deportation for the offense here, we see no alternative under the terms of the statute.

■ The relator was properly ordered deported to Italy and not to Canada because the latter country refuses to receive him. See section 20 of the Immigration Act of 1917. (8 USCA § 156).

Order affirmed.

MANTON, Circuit Judge (dissenting).

The appellant, an alien residing in the United States for fifteen years, on September 25, 1928, went to Canada and returned September 27, 1928, without inspection, and was arrested while attempting to aid another alien across the international border.

The Secretary of Labor issued a warrant of arrest, charging that appellant had been found in the United States in violation of the Immigration Act of February 5, 1917 (39 Stat. 874, § 19 [section 155, USCA, title 8]), in that he had entered without inspection, and that he was a person likely to become a public charge at the time of entry. After a hearing, he was ordered deported to Italy.

Section 19 of the Act of February 5, 1917, provides that, "* * * at any time within three years after entry, any alien who shall have entered the United States * * * by land at any place other than one designated as a port of entry for aliens by the Commissioner General of Immigration, or at any time not designated by immigration officials, or who enters without inspection, shall, upon the warrant of the Secretary of Labor, be taken into custody and deported." The section provides that any person so arrested, under the provisions of section 19, on the ground that he had entered or was found in the United States in violation of any other law thereof which imposes upon such person the burden of proving his right to enter or remain or who shall fail to establish the existence of the right of such claim, shall be deported to the place specified in such order. Thus, the statute provides that such an alien, taken into custody upon a warrant of arrest, shall have a hearing, afforded an opportunity to prove his right to enter or remain in the United States. If he is found to have entered unlawfully, he is to be deported. If, on the other hand, as a resident of the United States for more than three years, he may establish his right to enter or remain in the United States, a warrant of deportation will not issue. An alien who leaves the United States and makes a new entry is subject to all the objections that may have been raised against his admission.

The offense of this alien is said to be that he entered without inspection. When he was apprehended and taken into custody, he could establish his right to remain and satisfy the Secretary of Labor that he was not subject to an inspection by officials as he made his entry. This alien was lawfully domiciled in the United States from May 12, 1914, until September 25, 1928. He was entitled to re-enter the United States from Canada as a nonquota immigrant without an immigration visa, permit, or passport and without the payment of a head tax. Section 13(b), Immigration Act of 1924, 43 Stat. 153, section 213(b), USCA, title 8.

By Executive Order No. 4813, promulgated February 21, 1928, an alien entering the United States, who had previously been admitted legally into the United States and who had departed therefrom and returned within six months not having proceeded to countries other than Canada, Newfoundland, St. Pierre, Miquelon, Bermuda, Mexico, Cuba, and other islands included in the Bahamas and Greater Antilles groups, is not required to present a passport, visa, or permit to re-enter. Rule 3, subd. 1, par. 2, of the Immigration Rules of March 1, 1927, as amended, makes similar provision. Rule 1, subd. k, par. 1, of the Immigration Rules of March 1, 1927, provides that returning residents are not subject to a head tax if returning from certain countries including Canada. Thus it appears that by executive order, rule, and statute, it was intended to facilitate the re-entry of an alien into the United States who is returning from a temporary visit abroad. Johnson v. Keating, 17 F.(2d) 50, 52 (C. C. A. 1). He was able to re-enter under the Immigration Act of 1924, and to bar him because his re-entry was without inspection is to deny him the right of entry which Congress intended should be his. In re Wysback, 292 F. 761 (D. C. Dist. Mass. 1923). United States ex rel. Ueberall v. Williams, 187 F. 470 (D. C. So. D. N. Y. 1911), and Singh et al. v. United States, 243 F. 559 (C. C. A. 9, 1917), were decided prior to the 1924 enactment, also the executive order and the rules.

There is no evidence whatever to support the finding that the appellant was likely to become a public charge, the second ground of exclusion.

Whatever may be the criminal offense of the appellant in surreptitiously attempting to aid another in entering the United States, there is no basis for his deportation. I therefore dissent.