ZURBRICK, District Director of Immigration, v. BORG.

No. 5788.

Circuit Court of Appeals, Sixth Circuit.

March 6, 1931.

W. G. Comb, of Detroit, Mich. (John L. Zurbrick and Stephen J. Carey, both of Detroit, Mich., on the brief), for petitioner.

Frank J. Kinzinger, of Detroit, Mich., for respondent.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

MOORMAN, Circuit Judge.

Appellee, a native of Malta, is a subject of Great Britain, twenty-five years of age, and unmarried. He entered the United States unlawfully in 1923, and later went to Detroit, Mich., to reside. In July of 1926 he made a trip from New York City to Detroit on a Michigan Central train, entering Canada from Buffalo, N. Y., and re-entering the United States at Detroit. In April of 1930 he was arrested on a warrant issued by the Secretary of Labor charging that he had entered the country in violation of section 13 (a) of the Immigration Act of 1924 (8 USCA § 213(a). After a full hearing thereon, he was ordered deported. This is an appeal from an order of the District Court granting him a writ of habeas corpus and discharging him from the custody of the immigration authorities.

There is no doubt that the appellee was an alien not in possession of an unexpired immigration visa when he returned to Detroit via Canada. Title 8, USCA § 173. Section 14 of the Immigration Act of 1924 (title 8, USCA § 214) authorizes the deportation of "any alien who at any time after entering the United States is found to have been at the time of entry not entitled * * * to enter"; and section 13(a) of the act (title 8, USCA § 213) provides that no immigrant shall be admitted to the United States unless he has an unexpired visa. Appellee contends that the entry which he made at Detroit was not such an entry as is contemplated by these provisions of the act; and further that, as section 14 of the act, under which the warrant was issued, provides that the alien must be deported in the same manner as provided for in sections 19 and 20 of the Act of 1917 (title 8, USCA §§ 155 and 156), the deportation proceedings were barred by the three-year statute of limitation.

The term "immigrant," as defined in section 3 of the act of 1924 (title 8, USCA § 203), means, with certain exceptions, "any alien departing from any place outside the United States destined for the United States." None of the exceptions applies to Borg, who, as we have said, was an alien. Whether he was an immigrant at the time of his entry at Detroit, and therefore not admissible because he did not have an unexpired immigration visa, depends upon the construction to be given en the phrase "departing from any place outside the United States destined for the United States." He departed from New York destined to Detroit, spending eight hours en route in Canada. The statute excepts from its definition of an immigrant an "alien lawfully admitted to the United States who later goes in transit from one part of the United States to another through foreign contiguous territory." But appellee had never been lawfully admitted to the country, and this exception not only does not apply to him, but indicates that it was intended by the Congress to include in the term "immigrant," as used in this section, any alien who had not been "lawfully admitted," and who later might go "in transit from one part of the United States to another through foreign contiguous territory." We think this is the construction that must be placed on the statute. That appellee did not leave the train while in Canada seems to us immaterial, for, having passed out of the country, he was an immigrant, and, not having an unexpired immigration visa, he was not entitled to re-enter. Lapina v. Williams, 232 U. S. 78, 34 S. Ct. 196, 58 L. Ed. 515; Lewis v. Frick, 233 U. S. 291, 34 S. Ct. 488, 58 L. Ed. 967; United States v. Day, 279 U. S. 398, 49 S. Ct. 354, 73 L. Ed. 758; Ex parte Rodriguez (D. C.) 15 F.(2d) 878; Ex parte Parianos (C. C. A.) 23 F. (2d) 918; United States v. Burmaster (C. C. A.) 24 F.(2d) 57; United States v. Day (C. C. A.) 45 F.(2d) 112.

Nor can we agree that the deportation proceedings were invalid because instituted more than three years after the entry. The proofs show that appellee entered at a regular port of entry and at a time when aliens were being admitted. Section 19 of the act of 1917 (8 USCA § 155) provides generally that "at any time within five years after entry" any alien may be deported who shall have entered or shall be found in the United States in violation of that act or "in violation of any other law of the United States." It excludes, however, from the operation of this general provision aliens who entered by certain means, limiting the bringing of deportation proceedings against them to a shorter period, three years. This limitation applies, as we pointed out in Kanaszczyc v. Mathews, 30 F.(2d) 573, 574, to proceedings based on "methods of entry and not the right to enter." It is not charged that appellee entered by any of these forbidden methods. The charge was that he entered in violation of law, not having an unexpired immigration

visa, and, that being proved, he was subject to deportation at any time within five years.

The order granting the writ is reversed, and the petition is dismissed.