**BUKTA v. ZURBRICK.**
No. 5833.

Circuit Court of Appeals, Sixth Circuit.
June 11, 1931.

H. A. Behrendt, of Detroit, Mich., for appellant.

W. G. Comb, of Detroit, Mich., for appellee.

Before DENISON, HICKS, and HICKENLOOPER, Circuit Judges.

HICKS, Circuit Judge.

Appeal from an order dismissing a writ of habeas corpus. The purpose of the writ was to test the validity of a warrant which directed the deportation of appellant to Hungary upon the grounds: (1) That he had entered the United States without inspection; (2) that he had entered for an immoral purpose; and (3) that he had admitted the commission of a crime involving moral turpitude, to wit, perjury, prior to his entry. The evidence is sufficient to sustain the first ground and we need not therefore consider the second and third.

Appellant is a native of Hungary. In 1922 while yet in Hungary he and one Jolan Gal began living together as common-law husband and wife. In company with her he left Hungary on November 25, 1924, destined for Canada, and they arrived at St. Johns, New Brunswick, about December 12, 1924. While living at Windsor, Canada, appellant aided the United States Immigration Service in an effort to apprehend smugglers and in consideration of such services the Immigration Inspector at Detroit issued to appellant and the woman, Jolan Gal, a temporary visa

permitting them to commute daily between Windsor and Detroit for the purpose of employment. It fairly appears that appellant permitted this visa to expire without reporting to the immigration authorities but upon apprehension he was allowed to return to Canada voluntarily.

From the confused record it is difficult to determine clearly just what occurred after appellant's return to Canada. Appellant claims that he again procured a visa from the American Consul at Windsor and that upon the authority thereof he and Jolan Gal again entered the United States about December 18, 1925. This was his last entry. The matter is not entirely clear, but it is fair to assume that appellant did have some color of permission to enter, possibly a temporary visa indorsed upon his passport, or whatever document he may have had in the nature of a passport. Appellant again overstayed his temporary visa, if in fact he had it, and was arrested at Detroit upon a warrant of the Department of Labor issued October 19, 1928. This warrant of arrest exhibited the same charges finally carried into the deportation warrant. Even a visa could not of itself authorize appellant to enter. Section 2 (g) of the Immigration Act of 1924 (tit. 8, sec. 202 (g) U. S. C. (8 USCA § 202 (g). Although armed with it he may not enter elsewhere than at a designated port or without inspection or at any time other than that designated by the immigration officials. Sections 16 and 19 of the Immigration Act of 1917 (tit. 8, sec. 152, 155 U. S. C. (8 USCA §§ 152, 155). These sections apply to any and all aliens. Visa holders are not excepted. If appellant entered without inspection he was deportable under section 19, supra. See also United States ex rel. Natali v. Day, 45 F.(2d) 112 (C. C. A. 2); United States ex rel. Fanutti v. Flynn (D. C.) 17 F.(2d) 432; Singh v. U. S., 243 F. 557 (C. C. A. 9). It avails appellant nothing that his entry was a re-entry. Lewis v. Frick, 233 U. S. 291, 297, 34 S. Ct. 488, 58 L. Ed. 967; Zurbrick v. Borg, 47 F.(2d) 690, decided by this court, March 6, 1931; U. S. v. Day, supra; Cahan v. Carr, 47 F.(2d) 604, 605 (C. C. A. 9).

Section 23 of the Immigration Act of 1924 (tit. 8, sec. 221 U. S. C. [8 USCA § 221]) placed upon appellant the burden of showing that he had entered lawfully. He failed to carry this burden. His claim that he thought he had permission to stay is beside the point. He introduced no evidence tending to show that he underwent inspection

upon his last entry. Upon the other hand, it substantially appears that he did not. There is no substantial evidence that he paid the head tax required by the Immigration Act of Feb. 5, 1917, sec. 2 (tit. 8, sec. 132, U. S. C. [8 USCA § 132]), or that he ever presented himself at the designated port. He testified: "I paid the man who brought me across $100.00." This is of course inconsistent with any other than a surreptitious entry. Upon his examination he was asked touching his last entry: "Were you at that time properly examined by the immigration officer and legally admitted to the United States?". His answer was, "No, not in Detroit."

We have no doubt of the validity of the deportation warrant and the order denying the writ of habeas corpus is therefore affirmed. However, we think the deportation should have been to Canada. Appellant was destined for Canada upon his voyage from Hungary and lived both at Toronto and Windsor. The case will therefore be remanded with directions to allow the warrant to be amended so as to order deportation to Canada or in the alternative if that country refuses to receive him or imposes any condition upon his re-entry then to Hungary. Tit. 8, sec. 156 U. S. C. (8 USCA § 156); Gorcevich v. Zurbrick (C. C. A. decided April 7, 1931) 48 F.(2d) 1054; United States v. Curran, 16 F.(2d) 958 (C. C. A. 2).