## UNITED STATES ex rel. TOURNY v. REIMER, Com'r of Immigration, etc.

District Court, S. D. New York.
Aug. 23, 1934.

Joshua S. Koenigsberg, of New York City, for relator.

Martin Conboy, U. S. Atty., of New York City (Edward J. Ennis, Asst. U. S. Atty., of New York City, of counsel), for respondent.

CAFFEY, District Judge.

Subdivision (e) of section 3 of the Immigration Act of 1917 (8 USCA § 136 (e) ), requires exclusion from admission into the United States of aliens who "admit having committed a * * * misdemeanor involving moral turpitude."

Relator is an alien. He was married in 1914. His wife, from whom he has never been divorced, lives in Paris. On return from abroad, when examined before a Board of Special Inquiry at the Port of New York, June 13, 1934, he admitted having committed sexual intercourse, within the state of New York, with a woman not his wife. He expressly confessed that they had lived together in this state ever since August, 1932, except for a few short periods when they were on trips to Europe.

Section 100 of the Penal Law of New York (Consol. Laws, c. 40) defines "adultery" as "the sexual intercourse of two persons, either of whom is married to a third person." Section 101 makes the commission of adultery a misdemeanor. It is indisputable, therefore, that, preceding seeking entry, the relator had committed a misdemeanor.

As guilt was admitted, the sole inquiry is: Does adultery involve "moral turpitude"? The Supreme Court has answered, "Yes." Pollard v. Lyon, 91 U. S. 225, 228, 23 L. Ed. 308. See, also, Ex parte Rodriguez (D. C.) 15 F.(2d) 878, 879.

I see nothing to the contrary in Hansen v. Haff, 291 U. S. 559, 54 S. Ct. 494, 78 L. Ed. 968. The opinion did not interpret or even mention subdivision (e); nor does it appear that the alien there concerned was charged with or refused admission because of the commission of crime or, indeed, that the sexual intercourse shown was a crime under the laws of the place or places where committed. Cf. Ex parte Rocha (D. C.) 30 F.(2d) 823, 824.

Subdivision (g) of section 3 of the 1917 Immigration Act (8 USCA § 136 (g) ) commands the exclusion of aliens "coming into the United States for the purpose of prostitution or for any other immoral purpose." In his June 13 testimony the relator said that, until then so informed by the Immigration Service, he did not know that adultery was a violation of law; also, that in future he would refrain from illicit relations with the woman with whom he had cohabited in committing adultery until after he had been divorced—as is now in contemplation—by his wife. On this statement, as well as on other facts in the record, I do not think the proof brings the relator within subdivision (g) as construed in Hansen v. Haff.

The Labor Department refused entry to the female participant in adultery with the relator. Upon a writ of habeas corpus in this court she was recently discharged. For that reason I have had some hesitancy in denying him relief. It seems somewhat incongruous that the fates of the two should be different. Nevertheless, the record in the woman's case has not been put before me. On that account, I cannot determine with certainty what was the issue passed on. I must rely wholly on the papers, supplemented somewhat by the briefs, in the case at bar. From these I infer that the sole charge against her was coming in for an immoral purpose. If so, I think that Hansen v. Haff controlled; also, that the ruling in her favor did not turn on subdivision (e), and hence that it cannot be regarded as a precedent here.

Writ dismissed.