## MORINI v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit.
October 31, 1927.

No. 5258.

Aliens ⬦53—Where alien entered by land at place other than port of entry, deportation was proper, although he previously resided in United States (Immigration Act 1917, § 19 [8 USCA § 155]).

Where native and subject of Italy, who lived in United States for about nine years, went to Mexico temporarily, and re-entered United States at place other than designated port of entry, in violation of Immigration Act 1917, § 19 (8 USCA § 155), order of deportation was proper, and fact that he had resided in United States, or had declared intention to become citizen, or had registered under the Selective Service Act (Comp. St. § 2044a et seq.), did not enlarge his rights.

Appeal from the District Court of the United States for the Southern Division of the Southern District of California; William P. James, Judge.

Petition for writ of habeas corpus by John Morini against the United States. From an order denying the petition, petitioner appeals. Affirmed.

C. E. Burch, of San Diego, Cal., and J. Robert O'Connor, of Los Angeles, Cal., for appellant.

Samuel W. McNabb, U. S. Atty., and Donald Armstrong, Asst. U. S. Atty., both of Los Angeles, Cal.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

RUDKIN, Circuit Judge. This is an appeal from an order denying a petition for a writ of habeas corpus. The appellant was ordered deported to Italy on the grounds that he entered the United States by land at a place other than at a designated port of entry for aliens; that he was a person likely to become a public charge at the time of his entry; and that he has been convicted of, or admits having committed, a felony, or other crime or misdemeanor involving moral turpitude, prior to entry.

We need consider the first ground only. The appellant is a native and subject of Italy; he first entered the United States in 1906 or 1907; he departed from the United States, and entered the republic of Mexico, November 17, 1926; he attempted to return to the United States on the same evening, and was told by the immigration officer to appear the next morning for examination, but instead of so doing he entered the United States surreptitiously, at a place other than a place designated as a port of entry for aliens. Section 19 of the Immigration Act of 1917, 39 Stat. 889 (8 USCA § 155), provides that any alien who shall have entered the United States by water at any time or place other than as designated by immigration officials, or by land at any place other than one designated as a port of entry for aliens by the Commissioner General of Immigration, or at any time not designated by immigration officials, or who enters without inspection, shall, upon the warrant of the Secretary of Labor, be taken into custody and deported at any time within three years after entry.

Had the appellant in this case never entered the United States prior to his last entry, the validity of the order of deportation would not be open to question, and the fact

that he had been a resident of the United States for a number of years before, or that he had declared his intention to become a citizen of the United States, or that he had registered under the Selective Service Act (Comp. St. § 2044a et seq.), did not enlarge his rights or change his status. In Frick v. Lewis ( C. C. A.) 195 F. 693, it was held that the fact that an alien had been a resident of the United States for a number of years, and had declared his intention to become a citizen, and that he had left the country for a temporary purpose only, was immaterial; that the statute was applicable so long as he remained an alien; and that the legality of his last entry is to be determined as though there had been no previous entry. Under the same decision, deportation to Italy was proper. This case was affirmed on appeal. Lewis v. Frick, 233 U. S. 291, 34 S. Ct. 488, 58 L. Ed. 967.

The order of the court below is therefore affirmed.