## Ex parte SAADI.

## SAADI v. CARR.

Circuit Court of Appeals, Ninth Circuit.
May 21, 1928.

No. 5391.

Aliens ⬤53—Alien permitted to re-enter country after temporary absence, on his false representation that he was citizen, held deportable as entering without "inspection."

Where alien, who had lived in United States for about five years, went to Mexico without obtaining permit required by 8 USCA § 210, or registering with immigration officers, and thereafter on presenting himself for re-entry, and being directed to reapply next day, presented himself at a different point, and was permitted to re-enter United States on his representation that he was an American citizen, *held* that he was subject to deportation for having entered without "inspection," since to enter without "inspection" is to enter in evasion of appropriate investigation to ascertain right to enter, in this case involving at least determination whether alien had been lawfully domiciled in United States and whether he had temporarily gone into a foreign country with intention to return.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Inspect—Inspection.]

Appeal from the District Court of the United States for the Southern Division of the Southern District of California; William P. James, Judge.

Habeas corpus proceeding by Edouard Saadi against Walter R. Carr for release from custody in deportation proceedings. Petition denied (23 F.[2d] 334), and petitioner appeals. Affirmed.

William H. Wylie and Edgar E. Hendee, both of San Diego, Cal., for appellant.

Samuel W. McNabb, U. S. Atty., and Emmett E. Doherty, Asst. U. S. Atty., both of Los Angeles, Cal., for appellee.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

GILBERT, Circuit Judge. The appellant, a native of Egypt. and a citizen of France, was in 1922 permitted to enter the United States. In 1927 he left the United States and crossed the Mexican line at San Ysidro, Cal. He obtained no permit as provided by law (8 USCA § 210), and he failed to register with the immigration officers at San Ysidro as a domiciled alien intending to return to the United States. Later in the same day he presented himself at the same place for re-entry into the United States. On being questioned by the immigration officers, he admitted that he was an alien, and that he had in his possession no evidence to support his claim of domicile in the United States. He was advised that before he could be readmitted he must furnish the required evidence, and he was instructed to reapply the next day. Instead of doing so, he proceeded to a point where it was customary for railroad trains to enter the United States from Mexico, and, upon his representation to the immigration inspector there assigned for duty that he was an American citizen, he was permitted to re-enter the United States. These facts being ascertained by officers at San Diego, a warrant was issued, and the appellant was taken into custody, and, upon a hearing, was ordered to be deported on the ground that he had "entered by means of false and misleading statements, thereby entering without inspection." From the order of the court below denying him a writ of habeas corpus, the appellant appeals.

The appellant contends that the Immigration Act makes no provision for deportation on the ground that an alien has entered the United States "by means of false or misleading statements, thereby entering without inspection." The act provides for the deportation of any one "who enters without inspection," and the charge was distinctly made that the appellant entered without inspection. That charge is not minimized or modified by the further specification that he entered by means of false or misleading statements. To enter without inspection is to enter in evasion of the appropriate investigation for the purpose of ascertaining whether the alien is entitled to enter. There is absence of statutory definition of "inspection" in the Immigration Act, but there is sufficient specification of the requisite proceeding to determine the right of an alien seeking for the first time to enter the United States, and provision is made for the return upon a permit in the case of a domiciled alien departing from the United States temporarily with the intention to return within a specified time; but the permit is declared not to be the exclusive means of establishing the right to return. The appellant not having secured the permit, inspection in his case was the official ascertainment of facts upon which depended his right to re-enter the United States, and it involved, at the very least, the determination of the question whether he had theretofore been lawfully domiciled in the United States, and whether he had temporarily gone into a foreign country with the intention to return. He failed to pass that inspection, and failed to show his right to enter the United States. Subsequently he evaded inspection, and by a false statement as to his citizenship succeeded in returning surreptitiously to the United States. Thereby he rendered himself subject to deportation. Lewis v. Frick, 233 U. S. 291, 34 S. Ct. 488, 58 L. Ed. 967; Morini v. United States (C. C. A.) 21 F.(2d) 1004; United States v. Flynn (D. C.) 17 F.(2d) 524; Singh v. United States (C. C. A.) 243 F. 557, and cases there cited.

To the contention that no inspection was necessary, the appellant cites In re Wysback (D. C.) 292 F. 761. In that case it was held that, under the provisions of the Act of May 22, 1918 (40 Stat. 559), aliens other than hostile aliens entering and returning from Canada were not subject to inspection, for the reason that a regulation authorized by that statute to be prescribed by the President had provided that no passports or permits should be required of persons other than hostile aliens traveling between points in the continental United States and points in Canada. The decision has no relation to the questions involved in the case at bar.

The judgment is affirmed.