## CAHAN v. CARR, District Director of Immigration.
### No. 6260.

Circuit Court of Appeals, Ninth Circuit.
Feb. 24, 1931.

Rehearing Denied March 30, 1931.

Bodkin & Lucas and V. P. Lucas, both of Los Angeles, Cal., for appellant.

Samuel W. McNabb, U. S. Atty., and J. Geo. Ohannesian and Ignatius F. Parker, Asst. U. S. Attys., all of Los Angeles, Cal. (Harry B. Blee, U. S. Immigration Service,

of Los Angeles, Cal., on the brief), for appellee.

Before RUDKIN, WILBUR, and SAWTELLE, Circuit Judges.

RUDKIN, Circuit Judge.

This is an appeal from an order denying a petition for a writ of habeas corpus. The appellant was ordered deported upon the ground and for the reason that he entered the United States at San Ysidro, Cal., on or about May 1, 1929, in violation of the Immigration Act of 1924 (43 Stat. 153). The testimony before the immigration authorities tended to prove that the appellant, a citizen of the Dominion of Canada, who has resided in the United States continuously since 1919, visited Tia Juana, or Agua Caliente, in Mexico, on or about the date in question and returned to the United States on the same day. That he departed from the United States as claimed was admitted by the appellant under oath, and the same admission was made to, or in the presence of, other witnesses. The appellant denied that he made any such admissions, and contended further that he was intoxicated at the time the alleged admissions are attributed to him.

Upon the questions whether the admissions were made and whether the appellant was intoxicated at the time, there was a direct conflict in the testimony, and the want of jurisdiction in the courts to inquire into such conflicts is too well settled to require citation of authorities.

Nor is there any merit in the contention that the appellant was exempt from the requirements of the immigration law because of the brevity of his visit to the foreign country. The latter question has been so often decided by this court that it is no longer an open one here. Bendel v. Nagle (C. C. A.) 17 F.(2d) 719, 57 A. L. R. 1129; Morini v. United States (C. C. A.) 21 F.(2d) 1004; Ex parte Saadi (C. C. A.) 26 F.(2d) 458. See, also, United States ex rel. Bardakos v. Mudd (D. C.) 33 F.(2d) 334; Schmucker v. Martinez (C. C. A.) 37 F.(2d) 315; McCandless v. U. S. et al. Pantoja (C. C. A.) 44 F.(2d) 786.

The wife of the appellant testified that he admitted to her in a telephone conversation that he had visited Mexico on or about the date alleged, and the admission of this testimony is assigned as error. With certain exceptions not material here, a wife, on grounds of public policy, is not permitted to testify against her husband (Lucas v. Brooks, 18 Wall. 436, 453, 21 L. Ed. 779), and we perceive no good reason why the same rule of public policy should not exclude her testimony in a matter of this kind. But, be that as it may, her testimony was cumulative only, and it is well settled that the admission of incompetent testimony does not render a hearing unfair. Bilokumsky v. Tod, 263 U. S. 149, 157, 44 S. Ct. 54, 68 L. Ed. 221.

There is some further contention that the immigrant inspector propounded improper questions to the appellant and offered improper testimony, but such occurrences are not at all uncommon where the same individual acts as investigator, prosecutor, and judge.

We find no error in the record, and the order is affirmed.