### UNITED STATES ex rel. CONSIGLIO v. DAY, Commissioner of Immigration.

#### No. 80.

Circuit Court of Appeals, Second Circuit.
Jan. 4, 1932.

George Z. Medalie, U. S. Atty., of New York City (Frank Chambers, Asst. U. S. Atty., of New York City, of counsel), for appellant.

Gaspare M. Cusumano, of New York City, for appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

### PER CURIAM.

The relator came to this country when 10 years of age, and has resided here for 27 years. In 1913, he pleaded guilty to the crime of manslaughter in the common pleas court of Cuyahoga county, Ohio, and was sentenced to imprisonment. After release, and on July 4, 1920, he went with his family, for the day, to see Niagara Falls. There is

some question whether or not he was in Canada on this visit. The Board found that he was, and that his return on the same day was a re-entry into the United States. The question presented is whether the provisions of sections 136 and 155 of the U. S. Code Anno. title 8, which requires deportation of aliens who have been convicted of or admit a crime involving moral turpitude prior to entry, includes a crime committed within the United States and applies to an alien who leaves the United States and later returns. The question is also presented whether there is any evidence upon which to base the finding that he was on the Canadian side on the occasion referred to and re-entered the United States.

It becomes unnecessary for us to examine the evidence and say whether or not on July 4, 1920, the alien was in Canada. We are of the opinion that he may not be deported under sections 136, 155, U. S. Code Anno. title 8, as "any alien who was convicted, or who admits the commission, prior to entry, of a felony or other crime or misdemeanor involving moral turpitude," for the reason that the crime was committed in the United States. United States ex rel. Squillari v. Day, 35 F.(2d) 284 (C. C. A. 3); Ex parte Keizo Shibata, 35 F.(2d) 636 (C. C. A. 9); Wilson v. Carr, 41 F.(2d) 704 (C. C. A. 9); Browne v. Zurbrick, 45 F.(2d) 931 (C. C. A. 6). It thus appears that the Third, Sixth, and Ninth circuits have construed section 19 of the act (8 USCA § 155) as referring to a crime committed prior to entry, and must be one committed outside this country and not within the penal jurisdiction of the federal or state authorities, to warrant deportation. We are in accord with these views.

Order affirmed.