UNITED STATES ex rel. GIACONE v. CORSI, Com'r of Immigration.

No. 368.

Circuit Court of Appeals, Second Circuit.

April 3, 1933.

MANTON, Circuit Judge, dissenting.

Gaspare M. Cusumano, of New York City, for appellant.

George Z. Medalie, U. S. Atty., of New York City (Ira Koenig, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

SWAN, Circuit Judge.

The alien, Giuseppe Cerami, of Italian nationality, came to this country in 1904, and has continuously resided here ever since, with the exception of occasional temporary absences in Canada. On December 21, 1930, when returning from a short visit to Canada, he was arrested by a customs border patrolman at Fort Covington, N. Y. He was driving an automobile, and had passed a distance of about half a mile beyond the customs and immigration office. After being accorded a hearing before an immigration inspector, a warrant for his arrest was issued charging that he was unlawfully within the United States, in that (1) he had entered without inspection, and (2) had been convicted of a felony involving moral turpitude prior to his entry. Upon a further hearing, these charges were found true, and a warrant of deportation was issued on February 24, 1931. He was subsequently taken into custody for deportation, and thereupon a writ of habeas corpus was sued out on the alien's behalf. This appeal is from an order dismissing the writ.

The charge of felony involving moral turpitude was based upon a conviction in Norfolk, Va., in 1924 of a violation of the National Motor Vehicle Theft Act (18 USCA § 408), for which the alien was sentenced to a term of imprisonment of two and one-half years. Since the crime was committed within the United States before his last entry, this ground for deportation cannot be sustained. United States ex rel. Consiglio v. Day, 55 F.(2d) 228 (C. C. A. 2). Cf. Unit-

ed States ex rel. Volpe v. Smith, 62 F.(2d) 808 (C. C. A. 7).

██ There remains the charge that he entered without inspection. Section 19 of the Immigration Act of 1917 (8 USCA § 155) provides that any alien "who enters without inspection, shall, upon the warrant of the Secretary of Labor, be taken into custody and deported." In Thack v. Zurbrick, 51 F.(2d) 634 (C. C. A. 6), it was held that an intent to avoid inspection was requisite and that an alien who crossed the boundary and proceeded as promptly as practicable to the nearest inspection office was not guilty of entering without inspection. The appellant contends that his case falls within this ruling. He testified upon the hearing that he intended to report to the immigration and customs officers, but was arrested before he could find the office; that he had never before entered the United States at Fort Covington, but had been advised to come by that route when he made inquiry at a Canadian customs house about twelve miles away. In his automobile were six fur coats and certain other articles which he had bought in Canada. He said he intended to report them to the customs but could not find the place. When arrested by the customs border patrolman, "he had passed a distance of about one half mile beyond the customs and immigration office." Two criminal charges were lodged against him, one for smuggling in violation of the Tariff Act (section 593 [19 USCA § 1593]), and another, under the laws of New York (Penal Law [Consol. Laws N. Y. c. 40] § 1897) for carrying a concealed weapon. Upon the foregoing evidence the immigration inspector found that he entered without the inspection contemplated by the Immigration Act of 1917 and recommended deportation to Italy. The Board of Review confirmed this finding and recommendation, but directed that execution of the warrant of deportation be deferred pending prosecution of the criminal charges above mentioned.

If the alien's story were accepted, we agree that he would be within the rule of Thack v. Zurbrick, supra, and not subject to deportation. But the immigration officials apparently did not believe that he intended to present himself for inspection, and had lost his way. They evidently thought he was endeavoring to smuggle in dutiable merchandise and had intentionally passed beyond the office in an endeavor to avoid reporting to the customs and immigration officials. We cannot say such a finding is so wholly without support in the evidence as to be utterly arbitrary; nor was the hearing in any respect unfair. The relator was represented by an attorney and allowed an opportunity to present such evidence as he desired. See United States ex rel. Fong Lung Sing v. Day, 37 F. (2d) 36, 37 (C. C. A. 2). The inspector is not obliged to accept the alien's testimony as to his intention, where the circumstances of his presence beyond the inspection point tend to contradict it. His credibility is for the officer who hears him; and the courts may not review the weight of the evidence or conflicting inferences to be drawn from it. United States ex rel. Gong Sik Ho v. Corsi, 62 F. (2d) 785, 786 (C. C. A. 2). Moreover, the burden of proof is upon the alien (8 USCA § 221). However harsh the penalty of deportation may seem when applied to an alien who has resided in this country nearly thirty years and was entitled to re-enter if he had submitted himself for inspection, this is a consideration for Congress, not for the courts, which may consider only whether he was given a fair hearing. The case is ruled by United States ex rel. Natali v. Day, 45 F.(2d) 112 (C. C. A. 2). See, also, Bukta v. Zurbrick, 50 F.(2d) 593 (C. C. A. 6).

Order affirmed.

MANTON, Circuit Judge (dissenting).

After being a resident of this country for 26 years, the alien visited Canada and was returning by a new route, crossing the border at Fort Covington, N. Y. He is now being ordered deported solely because he entered without inspection in violation of section 19 of the Immigration Act of 1917 (8 USCA § 155). There is nothing in denial of his statement that he was looking for the customs and immigration office at the international border. The fact that he passed beyond it a half a mile is not convincing that he knew of it. But it is inferred that he was violating the customs law in bringing in some fur coats. He fully explained his intention to declare these and pay the customs duty. Nothing appears in opposition to the explanations made by him unless we are ready to indulge in an inference of guilt, as must be done to sustain this deportation. The case clearly comes within the rule of Thack v. Zurbrick, 51 F.(2d) 634 (C. C. A. 6). Indeed, the reason he was deported by the Commissioner was that he had been guilty of having committed a felony involving moral turpitude while within the country. This we have held is not a sufficient reason for his deportation. U. S. ex rel. Consiglio v. Day, 55 F.(2d) 228 (C. C. A. 2).

The judgment should be reversed.