CHENG, Sau Fu, et al., Petitioners,

v.

IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.

No. 699, Docket 75–4064.

United States Court of Appeals,
Second Circuit.

Argued March 19, 1976.

Decided April 5, 1976.

Jules E. Coven, New York City (Lebenkoff & Coven, Abraham Lebenkoff, New York City, on the brief), for petitioners.

Thomas H. Belote, Sp. Asst. U. S. Atty. (Thomas J. Cahill, U. S. Atty., for the Southern District of New York, Mary P. Maguire, Sp. Asst. U. S. Atty., Steven J. Glassman, Asst. U. S. Atty., New York City, on the brief), for respondent.

Before MOORE and FEINBERG, Circuit Judges, and WYZANSKI, District Judge.*

PER CURIAM:

The narrow issue on this petition for review of an order of the Board of Immigration Appeals in whether there is substantial evidence to support the finding of the Immigration Judge, affirmed by the Board, that petitioners, all natives and citizens of China, made an "entry" into the United States within the meaning of 8 U.S.C. § 1101(a)(13).[1] If they did so "enter," petitioners agree that they were subject to deportation proceedings. But petitioners urge that they were caught at the border and could therefore only be excluded, not deported. Exclusion and deportation proceedings are legally distinct and have different procedural and substantive consequences. Petitioners obviously believe that it is in their interest to subject themselves to exclusion rather than to deportation.

In September 1973, petitioners crossed the Canadian border at 3:00 A.M. into Vermont, hidden in a van. All five had previously been arrested in this country and deported.[2] The van did not use U.S. Route 7, the ordinary route to the inspection station, but travelled without lights on another road. Within the van was a mechanical means to deactivate vehicle detection apparatus at the border. The driver of the van had, one week earlier, escaped after apprehension by the Vermont State Police when he had surreptitiously entered the United States in the same way. A border patrol agent heard the van after it had proceeded four-tenths of a mile into the United States. He followed the van for about a mile, until it turned in a direction away from the border inspection checkpoint. At that point, he stopped the van and arrested petitioners.

The parties agree that the Immigration Judge and the Board correctly defined entry as (1) a crossing into the territorial limits of the United States; and either (2) inspection and admission by an immigration officer; or (3) actual and intentional evasion of inspection coupled with freedom from official restraint. See *Matter of Pierre*, BIA Interim Decision # 2238 (Oct. 5, 1973). But petitioners, relying on *Ex parte Chow Chok*, 161 F. 627 (N.D.N.Y. 1908), aff'd, 163 F. 1021 (2d Cir. 1908), argue that neither (2) nor (3) above was satisfied. Assuming arguendo that the definition of "entry" given above is correct, petitioners' argument is nonetheless without merit. There was ample, indeed overwhelming, evidence of actual and intentional evasion of inspection. Moreover, there was no restraint upon petitioners for at least four-tenths of a mile after they crossed the border. This is sufficient to distinguish *Ex parte Chow Chok*, supra, where the aliens were under constant surveillance immediately before, during and after crossing the border. Moreover, since that case interpreted a different statute, it does not govern our interpretation of the Immigration and Nationality Act of 1952.

Accordingly, we deny the petition for review.

---

* Senior District Judge of the United States District Court for the District of Massachusetts, sitting by designation.

1. The relevant portion of that section defines "entry" as

    any coming of an alien into the United States, from a foreign port or place or from an outlying possession, whether voluntary or otherwise . . . .

2. Petitioners have pleaded guilty to violation of 8 U.S.C. § 1326, which prohibits those who have been arrested and deported from entering or attempting to enter the United States. *United ed States v. Wong Tung Sing*, Cr. No. 73–64 (D.Vt. Dec. 12, 1973).