MATTER OF PHELISNA

In Exclusion Proceedings

A-26006147

*Decided by Board July 8, 1982*

(1) An applicant in exclusion proceedings generally has the burden establishing that the exclusion proceedings are improper.

(2) In order to prove that exclusion proceedings are improper, the applicant must establish that she made an entry into the United States.

(3) Where an alien alleges that an "entry" without inspection has been made, the alien must establish that she actually and intentionally evaded inspection.

(4) The fact that an alien knowingly comes to the United States without the requisite immigration documents does not, by itself, mean that the alien is attempting to evade inspection.

EXCLUDABLE: Act of 1952—Sec. 212(a)(20) [8 U.S.C. 1182(a)(20)]—No valid visa

ON BEHALF OF RESPONDENT:
S. Bernard Schwarz, Esquire
299 Broadway, Suite 1010
New York, New York 10007

ON BEHALF OF SERVICE:
Michael P. DiRaimondo
General Attorney

BY: Milhollan, Chairman; Maniatis, Dunne, Morris, and Vacca, Board Members

In a decision dated December 1, 1981, the immigration judge found the applicant excludable under section 212(a)(20) of the Immigration and Nationality Act, 8 U.S.C. 1182(a)(20), denied her application for asylum and withholding of deportation, and ordered that she be excluded and deported from the United States. The applicant has appealed. The appeal will be dismissed.

The applicant is a 24-year-old female alien, a native and citizen of Haiti. She arrived in the United States at Miami, Florida, on July 5, 1981, and was placed in exclusion proceedings.

At her hearing, the applicant asserted that exclusion proceedings were improper. She stated that she knew a visa was required for entry, but that she had no document which would entitle her to be admitted to the United States. The applicant testified that she had traveled from Haiti to the United States on a boat which had transported approximately 200 people. She further testified that the passengers (including

herself) had been apprehended when it was light, after they had disembarked from the boat and were on the beach, that she was not too far from the boat when apprehended, and that she did not know where she was. The immigration judge found that the applicant was properly in exclusion proceedings because she had not presented any evidence which would suggest that she had "entered" the United States.

The applicant then submitted her application for asylum (Form I-589) and the accompanying addendum which were received into evidence. In the addendum, the applicant states that she had been inspected. She clarified this response by stating "[w]hen we came to the beach in Miami, Florida, we met other Haitians who said that we should see the immigration officials. They called for us and we were taken to a camp where we stayed for a month."

On appeal, the applicant reiterates her contention that she has made an entry into the United States and should be placed in deportation proceedings. She alleges that she was physically present in this country; that she had actually, constructively, or intentionally evaded inspection; and that she had been free from actual or constructive restraint.

The Service contends that exclusion proceedings are proper because the applicant has not effected an entry into the United States. Although it concedes that the applicant was physically present in the United States at the time of her arrest, the Service argues that the applicant has not shown that she actually and intentionally evaded inspection or that she had been free from restraint.

An applicant in exclusion proceedings has the burden of establishing that the exclusion proceedings are improper. *See* section 291 of the Act; *Matter of De La Nues,* 18 I&N Dec. 140 (BIA 1981). *But cf. Matter of Salazar,* 17 I&N Dec. 167 (BIA 1979) (colorable claim to lawful permanent resident status). In order to prove that she is not subject to exclusion, the applicant must establish that she has made an entry into the United States. As defined in section 101(a)(13) of the Act, "[t]he term "entry" means any coming of an alien into the United States, from a foreign port or place or from an outlying possession. . . ." An "entry" involves **(1)** a crossing into the territorial limits of the United States, *i.e.,* physical presence; plus (2) an inspection and admission by an immigration officer, *United States* v. *Vasilatos,* 209 F.2d 195 (3 Cir. 1954); *Lazarescu* v. *United States,* 199 F.2d 898 (4 Cir. 1952); or (3) actual and intentional evasion of inspection at the nearest inspection point, *Cheng* v. *INS,* 534 F.2d 1018 (2 Cir. 1976); *U.S. ex rel. Giacone* v. *Corsi,* 64 F.2d 18 (2 Cir. 1933); *Morini* v. *United States,* 21 F.2d 1004 (9 Cir. 1927), *cert. denied,* 276 U.S. 623 (1928); *Lew Moy* v. *United States,* 237 F. 50 (8 Cir. 1916); *Matter of Estrada-Betancourt,* 12 I&N Dec. 191 (BIA 1967); coupled with (4) freedom from restraint, *United States* v. *Vasilatos, supra; Lazarescu* v. *United States, supra. See Matter of Lin,*

18 I&N Dec. 219 (BIA 1982); *Matter of Pierre*, 14 I&N Dec. 467 (BIA 1973).

Because it is clear that the applicant had established physical presence in the United States, the issue in this proceeding is whether she actually and intentionally evaded inspection and, if so, whether she had been free from restraint.

The applicant submits that in *Matter of Yam*, 16 I&N Dec. 535 (BIA 1978), the third element of an "entry" was discussed in the alternative, *i.e.*, in terms of actual or intentional evasion of inspection. Consequently, she argues that intent need not be shown. We do not agree. *Matter of Yam, supra*, did not specifically address this issue. Further, if we apply the applicant's rationale, the third element of an entry, actual evasion of inspection, is equivalent with the first element, physical presence. Such a construction is redundant. In addition, it is contrary to case law which requires an alien intentionally to evade inspection. *See Cheng* v. *INS, supra; U.S. ex rel. Giacone* v. *Corsi, supra; Morini* v. *United States, supra; Lew Moy* v. *United States, supra.*

The applicant has failed to prove that she actually and intentionally evaded inspection.[1] The applicant submits that she actually and intentionally evaded inspection because she knowingly attempted to enter the United States without the required documents. We do not find this argument persuasive. The fact that an alien knowingly comes to the United States without the requisite immigration documents does not necessarily mean that the alien is attempting to evade inspection, as the alien lawfully could be seeking asylum. The applicant in this proceeding has not established that she intentionally was endeavoring to violate the immigration laws of the United States by entering without inspection. In fact, our review of the record clearly would indicate otherwise, *i.e.*, that she was looking for immigration officials to test her status. The applicant's own statement in the addendum to her asylum application reflects that she voluntarily presented herself for inspection and, therefore, that she had not been attempting to evade inspection but had come to this country with the lawful intention of seeking asylum.[2] On appeal, the applicant raises the argument that she intended to evade inspection because she intended to meet a relative. The applicant's mere

---

[1] In view of our finding, we need not determine whether the applicant had been free from restraint.

[2] The immigration judge apparently did not believe the applicant's assertions regarding her intent. Based upon the record before us, we are not persuaded that the immigration judge's conclusion was incorrect. *See generally Wing Ding Chan* v. *INS*, 631 F.2d 978 (D.C. Cir. 1980), *cert denied*, 450 U.S. 921 (1981); *Vasquez-Mondragon* v. *INS*, 560 F.2d 1225 (5 Cir. 1977); *Kokkinis* v. *District Director*, 429 F.2d 938 (2 Cir. 1970); *Matter of Magana*, 17 I&N Dec. 111 (BIA 1979); *Matter of Teng*, 15 I&N Dec. 516 (BIA 1975); *Matter of T-*, 7 I&N Dec. 417 (BIA 1957).

desire to meet a relatiye in the United States does not, without more, evince an intention to evade inspection.

Inasmuch as the applicant had neither "entered" the United States nor had any document which would entitle her to be admitted to this country, the immigration judge's finding that the applicant is excludable under section 212(a)(20) of the Act is correct.

Although not raised on appeal, we note that the applicant has failed to establish her persecution claim, regardless of whether her case is assessed in terms of whether she has demonstrated a "clear probability," a "well-founded fear," a "good reason," or a "realistic likelihood" that she will be persecuted within the contemplation of the Act if required to return to Haiti. *See generally Stevic* v. *Sava,* 678 F.2d 401 (2 Cir. 1982).

Accordingly, the appeal will be dismissed.

**ORDER:** The appeal is dismissed.