## MATTER OF LIN

### In Exclusion Proceedings

### A-24396728

### *Decided by Board May 6, 1982*

(1) An alien who absconds from an Immigration and Naturalization Service detention facility while awaiting exclusion proceedings does not make an entry into the United States as defined in section 101(a)(13) of the Immigration and Nationality Act, 8 U.S.C. 1101(a)(13), and, therefore, was properly placed in exclusion proceedings. *Matter of A-*, 9 I&N Dec. 356 (BIA 1961); and *Matter of A-T-*, 3 I&N Dec. 178 (BIA 1948), distinguished.

(2) An alien who escapes from Service detention does not acquire the same status as an alien who evades Service inspection by entering the United States surreptitiously and, hence, may not be accorded the procedural benefits of deportation proceedings.

EXCLUDABLE:
Order: Act of 1952—Sec. 212(a)(19) [8 U.S.C. 1182(a)(19)]—Sought entry by fraud or material misrepresentation

Sec. 212(a)(20) [8 U.S.C. 1182(a)(20)]— Not in possession of a valid unexpired visa or other valid entry document

ON BEHALF OF APPLICANT:
Stephen Singer, Esquire
Barst & Mukamal
127 John Street
New York, New York 10038

ON BEHALF OF SERVICE:
Steven R. Abrams
General Attorney

Gerald S. Hurwitz
Appellate Trial Attorney

BY: Milhollan, Chairman; Maniatis, Dunne, Morris, and Vacca, Board Members

This case was last before us on October 6, 1981, when we dismissed a Service appeal from the immigration judge's termination of the exclusion proceedings against the applicant. We agreed with his conclusion that the applicant had entered the United States without inspection and was therefore, subject to deportation proceedings instead of exclusion proceedings. The Service has submitted a motion to reconsider our October 6, 1981, decision on this case. The Service motion to reconsider will be granted and the appeal will be sustained.

The applicant is a native and citizen of China who applied for admission to the United States as a nonimmigrant visitor for pleasure on

August 22, 1980. At the inspection, he was in possession of a passport which he had purchased in Hong Kong and which bore the name of another person. He was detained by the Service and placed in exclusion proceedings because of alleged excludability under sections 212(a)(19) and 212(a)(20) of the Immigration and Nationality Act, 8 U.S.C. 1182(a)(19) and 1182(a)(20), for attempting entry by fraud or material misrepresentation and lacking a valid immigrant visa. However, prior to the exclusion hearing he absconded from the Service detention facility in St. Paul, Minnesota, until apprehended two days later on September 6, 1980, in New York City. Consequently, the immigration judge terminated the exclusion proceedings, concluding that the applicant had made an "entry" into the United States.

Our October 6, 1981, decision applied a four element test prescribed in *Matter of Pierre*, 14 I&N Dec. 467 (BIA 1973), for determining when an alien has made an "entry" into the United States and is therefore subject to deportation and not exclusion proceedings. We then stated that the term "entry," is defined in section 101(a)(13) of the Act, 8 U.S.C. 1101(a)(13), as ". . . any coming of an alien into the United States, from a foreign port or place or from an outlying possession. . . ." A survey of the many cases which have treated this subject over the years leads to the following conclusions: An "entry involves (1) a crossing into the territorial limits of the United States, *i.e.* physical presence; plus (2) inspection and admission by an immigration officer, *United States* v. *Vasilatos*, 209 F.2d 195 (3 Cir. 1954); *Lazarescu* v. *United States*, 199 F.2d 898, 900 (4 Cir. 1952); or (3) actual and intentional evasion of inspection at the nearest inspection point, *U.S. ex rel. Giacone* v. *Corsi*, 64 F.2d 18 (2 Cir. 1933); *Morini* v. *United States*, 221 F.2d 1004 (9 Cir. 1927), *cert. denied*, 276 U.S. 623 (1928); *Low Moy* v. *United States*, 237 Fed. 50, 52 (8 Cir. 1916); *Matter of Estrada-Betancourt*, 12 I&N Dec. 191, 193-4 (BIA 1967); coupled with (4) freedom from restraint, *United States* v. *Vasilatos*, *supra; Lazarescu* v. *United States*, *supra.*

The applicant physically crossed the United States border at St. Paul where he was detained. He later reached New York City by absconding for two days from a Service detention facility. In *Matter of A-*, 9 I&N Dec. 356 (BIA 1961), and *Matter of A-T-*, 3 I&N Dec. 178 (BIA 1948), we had concluded that escaping from Service detention while awaiting exclusion proceedings constituted an entry which required deportation proceedings instead. We reached the same conclusion in this case applying the *Pierre* test. We concluded that when the applicant absconded, he temporarily achieved freedom from Service restraint, and had made an entry into this country since he was already physically present here. We distinguished two cases cited by the Service in support of its position because there the aliens in question had been paroled into the United States. *See Vitale* v. *INS*, 463 F.2d 579 (7 Cir. 1972); *Klapholz* v.

220

*Esperdy*, 201 F.Supp. 294 (S.D.N.Y. 1961), *aff'd*, 302F.2d 928 (2 Cir. 1962).

However, in its motion to reconsider, the Service has submitted additional arguments which we find convincing. The Service initially contends that the test prescribed in *Matter of Pierre, supra*, is not met here because the applicant did not evade inspection but rather, was inspected and detained pending exclusion proceedings pursuant to section 235 and 236 of the Act, 8 U.S.C. 1225 and 1226. He was served with a Notice to Alien Detained for Hearing by an Immigration Judge (Form I-122) as prescribed by 8 C.F.R. 235.6(a).

The Service also directs our attention to the case of *Luk v. Rosenberg*, 409 F.2d 5 (9 Cir. 1969), where an alien had been found excludable, paroled into this country and had absconded for three years. After he was located, his parole was revoked. The court concluded that the alien did not make an "entry" when his parole was revoked, despite his managing to remain for several years after the parole revocation. Congress did not intend to improve such an alien's status, from that of an applicant seeking admission, to that of an alien who has entered the United States and is subject only to deportation proceedings in order to be removed from this country. *Luk v. Rosenberg, supra* at 558.[1]

The Service also points out distinguishing factors in the two cases we previously cited in support of our October 6, 1981, decision, *Matter of A-, supra*; and *Matter of A-T-, supra*. In *Matter of A-T-*, the applicant had been notified of an exclusion hearing when he first applied for entry. He returned later that day, applied again for entry and was admitted. Consequently, there had been two separate applications for entry and his successful second attempt clearly constituted an "entry" since he had been admitted into this country. In *Matter of A-*, the alien had been detained on board a ship as a stowaway pursuant to section 273(d) of the Act, 8 U.S.C. 1323(d). When he escaped and managed to land, his status was similar to that of any alien who surreptitiously crosses our border and enters the United States without inspection.

It is well settled that when an alien is paroled into the United States pursuant to section 212(d)(5) of the Act, 8 U.S.C. 1182(d)(5), and 8 C.F.R. 212.5, pending exclusion proceedings in accordance with sections 235 and 236 of the Act and 8 C.F.R. 235 and 236, he does not gain the additional protections prescribed for deportation proceedings. *Leng May Ma v. Barber*, 357 U.S. 185 (1958); *Rogers v. Quan*, 357 U.S. 193 (1958); *United States ex rel. Sellas v. Esperdy*, 366 F.2d 266 (2 Cir. 1966); *United States ex rel. Lam Hai Cheung*, 345 F.2d 989 (2 Cir.

---

[1] An alien in deportation proceedings has avenues of relief from expulsion unavailable in exclusion proceedings, *e.g.*, suspension of deportation and voluntary departure pursuant to section 244 of the Act, 8 U.S.C. 1254. He also can request a bond redetermination hearing with a right to appeal to this Board pursuant to 8 C.F.R. 242.2(b).

1965); *Wong Hing Fun* v. *Esperdy*, 335 656 (2 Cir. 1964); *Wong Hing Goon* v. *Brownell*, 264 F.2d 52 (9 Cir. 1959); *Licea-Gomez* v. *Pilliod*,. 193 F.Supp. 577, 579-580 (N.D. Ill. 1960); *United States ex rel. Tom We Shung* v. *Murff*, 176 F.Supp. 253, 256 (S.D.N.Y. 1959); *In re Milanovic's Petition*, 162 F.Supp. 890, 894 (S.D.N.Y. 1957), *aff'd* 253 F.2d 941 (2 Cir. 1958); and *Luk* v. *Rosenberg, supra*.

We reach the same result when, instead of being paroled, the alien is placed in detention within the United States territory, pursuant to 8 C.F.R. 233.1 and 235.3 and manages to abscond from detention while awaiting his exclusion hearing. The service of the Form I-122 after inspection, vests upon the immigration judge the authority to conduct the exclusion proceedings in order to determine the applicant's admissibility. Whether the applicant is then paroled into the United States or instead kept in detention at a Service facility is not determinative. His escaping from Service detention does not place him in the same status as an alien who manages to evade inspection by entering the United States surreptitiously. He has been inspected but not admitted. We therefore, do not choose to extend our decision in *Matter of A-* to aliens physically in this country, who are detained pending exclusion proceedings, and who manage to escape from detention. The motion to reconsider will be granted, the Service appeal will be sustained, and the record remanded to the immigration judge for resumption of the exclusion proceedings. It is so ordered.

**ORDER:** The motion to reconsider is granted and the appeal is sustained.

**FURTHER ORDER:** The record is remanded to the immigration judge for further proceedings consistent with the foregoing opinion and the entry of a new decision.