**Marie Rose PIERRE, Petitioner,**
v.
**Perry RIVKIND, District Director, U.S. Immigration & Naturalization Service, Respondent.**

**No. 86–0035–CIV.**

United States District Court,
S.D. Florida.

March 21, 1986.

Anthony Guerrier, Miami, Fla., for petitioner.

Esmeralda Cabrera, Asst. U.S. Atty., Miami, Fla., for respondent.

## ORDER OF REVERSAL AND REMAND

JAMES LAWRENCE KING, Chief Judge.

This cause is before the Court upon MARIE ROSE PIERRE's petition for habeas corpus, pursuant to 8 U.S.C. § 1105a(b), challenging a final order of exclusion.

A Haitian refugee, petitioner landed on the shores of the U.S. ten miles north of Key West, Florida between 4:00 and 5:00 a.m. on October 19, 1983. After an hour's walk away from the vessel "Lisene," petitioner and the other passengers hid in a heavily-wooded mangrove area until they were apprehended by county sheriff's deputies at approximately 9:00 a.m. that morning. While being detained by the Immigration and Naturalization Service (INS), petitioner was charged with being excludable pursuant to § 212(a)(20) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(20). On October 26, 1984 an immigration judge entered an order of exclusion and denied petitioner's application for asylum. The Board of Immigration Appeals (BIA) dismissed her appeal on September 11, 1985.

Petitioner's three grounds for relief are:

1) Denial of motions to terminate exclusion proceedings based on applicant's entry into the United States,

2) Denial of political asylum and/or withholding of deportation not substantiated by evidence of record, and

3) Denial of a full and fair hearing as a result of the immigration judge's denial of motions to take deposition and require answers to interrogatories re-

garding the Bureau of Human Rights and Humanitarian Affairs.

■ In her memorandum in support of habeas corpus, petitioner correctly states that the major issue before this Court is whether she was improperly placed in an exclusion hearing when she was, in fact, a deportable alien. A deportable alien is an alien who has made an "entry" into the United States (whether legally or illegally) and is entitled to full due process rights in a hearing where the INS must prove by clear, convincing and unequivocal evidence that she is a deportable alien. *Woodby v. Immigration and Naturalization Service*, 385 U.S. 276, 87 S.Ct. 483, 17 L.Ed.2d 362 (1966). Under the three-pronged test for "entry" outlined by the BIA in *Matter of Phelisna*, 18 I & N Dec. 272 (BIA 1982), the BIA defined an "entry" as any coming of an alien into the U.S. from a foreign port or place or from an outlying possession involving: (1) physical presence; plus (2) an inspection or admission by an immigration official; or (3) actual and intentional evasion of inspection at the nearest inspection point coupled with (4) freedom from restraint.

■ Since petitioner was physically present and free from restraint for several hours on October 19, 1983, the dispositive question is whether petitioner actually and intentionally evaded inspection. Although petitioner walked away from the boat for an hour after an exhausting voyage and hid in a heavily-wooded mangrove area, the record is void of any evidence indicating her intent to evade inspection. Rather, when the Sheriff's department used a bullhorn to gather up the passengers, petitioner did not run away. Although her exhaustion may have limited her ability to evade inspection, petitioner's mere hiding coupled with no attempted evasion is insufficient proof of her alleged intent to evade. This Court finds that petitioner was properly placed in an exclusion hearing.

■ Petitioner's second ground for relief alleges that the immigration judge failed to apply the proper standard when he denied the asylum claim. Whether the petitioner's burden of proof is expressed as a "well-founded fear" or a "clear probability" of prosecution, it nevertheless requires the applicant for asylum to present some objective evidence to establish that it is more likely than not that she would be persecuted in Haiti for any of the reasons specified in 8 U.S.C. §§ 1158, 1253(h). *INS v. Stevic*, 467 U.S. 407, 104 S.Ct. 2489, 2501, 81 L.Ed.2d 321 (1984). Petitioner's "well-founded fear" rests on an incident which took place in September 1983. After a Tonton Macoute Chief requested the use of the Pierre family mule for his own purposes, petitioner's father refused. The mule was seized and subsequently worked to death. Her father complained to the Chief about this outrageous and arbitrary action. His defiance resulted in threats not only to him, but to his children.

This Court finds that the decisions of the immigration judge and the BIA denying petitioner's asylum claim are not supported by substantial evidence. The INS conclusion that Mr. Pierre's confrontation with a Tonton Macoute Chief was private in nature and did not rise to the level of a "political opinion" ignores the realities of Haiti's past oppressive system. *See Haitian Refugee Center v. Civiletti*, 503 F.Supp. 442 (S.D.Fla.1980), *aff'd sub nom, Haitian Refugee Center v. Smith*, 676 F.2d 1023 (5th Cir.1982).

In *Chavarria v. U.S. Department of Justice*, 722 F.2d 666 (11th Cir.1984), asylum applicant based his claim of persecution largely on the fact that he held a management position at a company whose former management employees had been persecuted by the Nicaraguan government. Nevertheless, he remained in Nicaragua for two years without persecution. *Id.* at 670. In the instant case, Mr. Pierre immediately sent his daughter away because he feared reprisal. Because the threats were made to the entire family, the evidence of record demonstrates the likelihood that she will be persecuted upon return to Haiti. *Regaie v. INS*, 691 F.2d 139, 145 (3rd Cir. 1982).

Accordingly, this Court finds that the BIA's finding that petitioner failed to establish a *prima facie* asylum claim is arbitrary and capricious. This Court concurs with petitioner when she stated:

The disregard of the great weight of the evidence presented by Petitioner, combined with the mischaracterization of many other portions of it, effectively imposed a burden of proof on Petitioner that could only have been met had she waited in Haiti until the threats of persecution were actually carried out against her.

Petitioner's Memorandum in Support of Habeas Corpus, p. 21.

■ Petitioner's third ground for relief alleges that the hearing officer improperly failed to grant her motion to depose or submit interrogatories to the State Department. In order to show that she has been denied a fair hearing, the petitioner must show that failure to allow discovery regarding the Bureau of Human Rights and Humanitarian Affairs (BHRHA) letter was prejudicial. *Edmond v. Nelson*, 575 F.Supp. 532, 536 (E.D.La.1983). Although the BHRHA letter reveals no basis upon which it was formed and merely recites that there is no basis for a claim of persecution, this Court finds that the letter was not prejudicial. The immigration judge did not suggest that the letter was given any weight; he merely included it in the record as the regulations mandate. 8 C.F.R. 208.-10(b). Given the frequently noted unreliability and inappropriateness of BHRHA letters as presenting the State Department's conclusion as an adjudicative fact, this Court cautions the INS to give these letters little, if any, weight. *Zamora v. INS*, 534 F.2d 1055, 1063 (2nd Cir.1976); *Paul v. INS*, 521 F.2d 194, 200 (5th Cir.1975). On remand, this Court instructs the INS to strike the BHRHA letter from the record because it reveals no factual basis upon which the opinion was formed.

Accordingly, upon the petition for habeas corpus, and the INS's response thereto, it is

ORDERED and ADJUDGED that the above-styled cause be, and the same is, REVERSED, in part, and REMANDED to the Immigration and Naturalization Service. The INS is directed to reconsider petitioner's application for asylum in conformity with the findings herein. Furthermore, it is

ORDERED and ADJUDGED that the BHRHA letter be, and the same is, stricken from the record.