**Kamaljit Singh KHERA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 01–71909.

INS No. A72–156–497.

United States Court of Appeals, Ninth Circuit.

Submitted May 7, 2003.*

Decided May 9, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before O'SCANNLAIN and GOULD, Circuit Judges, and BOLTON,** District Judge.

MEMORANDUM***

Petitioner Kamaljit Singh Khera was ordered excluded by the Immigration Judge (IJ). The BIA affirmed the decision of the IJ. This petition for review follows. Khera makes two arguments in support of the petition for review: (1) that the IJ lacked jurisdiction to continue with exclusion proceedings under *Matter of Sanchez*, 21 I. & N. Dec. 444, 1996 WL 413568 (BIA 1996) and (2) that the BIA erroneously concluded that Petitioner did not make an entry into the United States before April 1, 1997.

The BIA's determination of purely legal questions, such as the jurisdiction of the Immigration Judge (IJ), is reviewed de novo. *See Molina–Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir.2002). Findings made by the BIA with respect to whether Petitioner effected entry before April 1, 1997, are reviewed under the deferential "substantial evidence" standard and will be upheld "unless the evidence compels a con-

trary conclusion." *Hernandez–Montiel v. INS*, 225 F.3d 1084, 1090 (9th Cir.2000).

I.

■ Petitioner relies on *Matter of Sanchez–Avila* to argue that the IJ lacked jurisdiction to proceed with the termination proceedings because Petitioner was neither detained nor paroled at the border on December 13, 1995, and he subsequently did not appear at his admissibility hearings. In *Matter of Sanchez–Avila,* the BIA held that the IJ was without jurisdiction to continue exclusion proceedings when the alien was not detained or paroled into the United States and when the alien did not "appear *or otherwise participate in the scheduled exclusion hearing.*" 21 I. & N. Dec. at 464, 1996 WL 413568 (emphasis added). In so holding, the BIA specifically rejected the position, urged by Khera, that an IJ "only has jurisdiction to hold an exclusion hearing if an alien is detained or has been paroled." *Id.*

The IJ here was not required to terminate proceedings simply because Petitioner was not detained or paroled on December 13, 1995. *Matter of Sanchez–Avila* itself makes clear that a relevant inquiry is whether Petitioner, through his actions, submitted to the jurisdiction of the immigration court.

Assessing that issue here, we conclude that the actions of Petitioner and his counsel demonstrate that Petitioner submitted to the authority of the immigration court: First, Petitioner retained an attorney to appear at the hearings on his behalf; though Petitioner did not personally appear, his interests were represented. Second, in the May 15, 1996 hearing, Petition-

** The Honorable Susan R. Bolton, District Judge for the District of Arizona, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

er's counsel asked the court's permission to withdraw the admissibility application, implicitly recognizing that Petitioner·was subject to the authority of the immigration court. *Cf. Matter of Gutierrez,* 19 I. & N. Dec. 562, 564, 1988 WL 235445 (BIA 1988) (holding an alien may not withdraw an admissibility application as a matter of right because allowing withdrawal is a discretionary decision of the IJ). Third, when the INS objected to withdrawal of the admissibility application, Petitioner's counsel requested a contested hearing, a recognition that termination of proceedings was not Petitioner's unilateral right. Fourth, the jurisdiction of the immigration court was not contested until the April 1, 1997, hearing, at which time a jurisdictional challenge was made based on the then recent decision in *Matter of Sanchez–Avila.* If Petitioner had not submitted to the authority of the immigration court before April 1, 1997, his counsel's role at the first hearing on May 15, 1996, should have included a challenge to jurisdiction.

Because Petitioner participated in the exclusion hearings before April 1, 1997, through counsel, *Matter of Sanchez–Avila* is distinguishable and thus the IJ was not without jurisdiction to continue with exclusion proceedings despite Petitioner's failure to appear in person. Petitioner submitted to the court's jurisdiction when his counsel appeared for him without reservation or challenge to jurisdiction.

## II.

▆ Petitioner also argues that the BIA abused its discretion by concluding that Petitioner failed to show that he had made an entry into the United States before the April 1, 1997, hearing. To prove entry, Petitioner had to prove he was physically present in the United States. *Matter of Phelsina,* 18 I. & N. Dec. 272, 273, 1982 WL 190689 (BIA 1982). In addition, Peti-

tioner had to prove that he was inspected and admitted by an immigration officer, or that he actually and intentionally evaded inspection at the nearest inspection point. *Id.* at 273. *See also* 8 U.S.C. § 1101(a)(13).

Here, Petitioner attempts to prove entry by pointing to the fact that he filed several documents with the INS after the May 15, 1996, hearing but before April 1, 1997. He notes (1) that he filed his application for adjustment of status with the INS in San Francisco, California on October 28, 1996; (2) that he was scheduled for an adjustment of status interview on April 18, 1997; (3) that his medical examination establishing his test results were read on September 13, 1996; and (4) that his attorney submitted a declaration reciting that he personally accompanied Petitioner to the adjustment of status interview on April 18, 1997. However, none of this evidence establishes that Petitioner was physically present in the United States before April 1, 1997. Any of the documents filed by Petitioner when he was allegedly in the United States could have been filed for him by his attorney and thus do not prove that Petitioner was physically present. And, there is no evidence relating to whether Petitioner was inspected and admitted, or, in the alternative, that he actually and intentionally evaded inspection. We cannot say that the evidence presented by Petitioner "compels a contrary conclusion" to that reached by the BIA in its deliberate assessment.

**PETITION DENIED.**